PYEATT v. ANDERSON.    (No. 498–4250.)

(Commission of Appeals of Texas, Section B. Feb. 18, 1925.)

**1. Municipal corporations ⬦705(1)—Automobile drivers must exercise ordinary care as to one unlawfully driving vehicle without owner's consent.**

Automobile drivers are required to exercise ordinary care to avoid injuring one who is riding other person's motorcycle, without such person's consent, in violation of Vernon's Ann. Pen. Code Supp. 1918, art. 1259aa.

**2. Municipal corporations ⬦705(10)—Unlawful use of vehicle no defense unless proximate cause of injury.**

Plaintiff's operation of other person's motorcycle without such person's consent, in violation of Vernon's Ann. Pen. Code Supp. 1918, art. 1259aa, did not preclude him from recovering for injuries sustained when struck by defendant's automobile, unless such violation was proximate cause of injury.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Edgar Anderson against J. S. Pyeatt. Judgment for plaintiff was affirmed by the Court of Civil Appeals (264 S. W. 302), and defendant brings error. Affirmed.

Fouts & Patterson and Andrews, Streetman, Logue & Mobley, all of Houston, for plaintiff in error.

Gill, Jones, Tyler & Potter, of Houston, for defendant in error.

POWELL, P. J. Edgar Anderson sued J. S. Pyeatt to recover for personal injuries suffered by him in a collision between the automobile of the latter and a motorcycle in which the former was riding. The collision occurred on the right-hand side of Louisiana street while the motorcycle was going south. At the time of the collision, the automobile of plaintiff in error ran into the motorcycle. Pyeatt was in it, but it was being driven by his negro chauffeur, his agent and employee. The automobile was going north. The nature of the pleadings is given in full by the Court of Civil Appeals. We shall not repeat that here. Upon a trial before a jury, upon special issues, Anderson recovered a judgment for $11,500. It is not claimed that this amount is excessive. Upon appeal, the Court of Civil Appeals affirmed the judgment of the district court. See 264 S. W. 302.

The principal contention of plaintiff in error is that he was not required to exercise ordinary care to prevent injury to Anderson, because the latter and one Stroud were riding at the time of the accident in a motorcycle without the consent of the owner; that, therefore, they were trespassers and outlaws, and could not recover for injuries, unless wantonly or willfully inflicted. Of course, there is no proof that the injuries were so inflicted. The contention is that Anderson violated the following provisions of our Penal Code:

"Art. 1259a. *Taking or Driving Motor Vehicle Belonging to Another.*—Whoever purposely takes, drives or operates, or purposely caused to be taken, driven or operated upon the public road, highway or other public place, any motor vehicle, bicycle, buggy, carriage or other horse driven vehicle, without the consent of the owner thereof shall, if the value of such motor vehicle, bicycle or other vehicle is thirty-five ($35.00) dollars or more, be imprisoned in the county jail for not less than six months nor more than one year, or if the value is less than that sum, be fined not more than two hundred dollars ($200.00), or imprisoned not more than thirty days, or both." Vernon's Ann. Pen. Code 1916, art. 1259a.

"Art. 1259aa. *Operation of motor vehicle of another without his consent.*—Any person who shall drive or operate or cause to be driven or operated upon any public highway in this state any motor vehicle not his own, without intent to steal the same, in the absence of the owner thereof, and without such owner's consent, shall be guilty of a misdemeanor, and shall be punishable by confinement in the county jail for a period not to exceed twelve months, or by fine not to exceed one thousand ($1,000) dollars, or by both such imprisonment and fine." Vernon's Ann. Pen. Code Supp. 1918, art. 1259aa.

[1] Anderson was not guilty of violating the first statute just quoted. The Court of Civil Appeals so found, and the evidence sustains the finding. But Anderson did violate the second statute quoted. Does that fact deprive him of the right to demand the exercise of ordinary care toward him by others driving automobiles on the streets?

This case, upon this point, is identical with that of St. Louis, Brownsville & Mexico Ry. Co. v. Price, 269 S. W. 422, contemporaneously decided by our court. Counsel for Pyeatt so conceded in oral argument. In their application for writ of error, they say these propositions in the two cases are "similar, if not identical." We have discussed this question at length in our opinion in the Price Case, supra, and will not repeat the reasons for our holding here. But, for the same reasons, we think the judgment of the lower courts in the case at bar should be affirmed. Many of the authorities we cited or quoted from in the Price Case were cases involving collisions between automobiles.

[2] Before a violation of the statutes involved in this case could defeat recovery by Anderson, it would be necessary for the facts to show that such violation was the proximate cause of the injury. The district court refused to submit such an issue to the jury. The Court of Civil Appeals approved this action by the trial court, expressly holding that there was no evidence raising that issue. We think the decision of the Court of Civil Appeals upon this point correct. The Court of Civil Appeals has correctly disposed of the questions involved in the assignments in the application.

We recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.