## J. C. BAKER, Appellant, v. JOHN HASLER, Respondent.*

In the Springfield Court of Appeals, August 13, 1925.

1. **INJUNCTION: Injunctive Relief: Void Ordinance: Municipal Corporations.** Where city council had passed an ordinance prohibiting parking of passenger busses within city limits, party affected thereby *held* entitled to injunctive relief, if the ordinance is void.

2. **MUNICIPAL CORPORATIONS: Ordinances: Review: Reasonableness.** Municipal corporations are prima facie the sole judges of the necessity of their ordinances, and courts will not ordinarily review their reasonableness when passed in compliance with authority given by the State.

3. ———: ———: ———: ———. Courts may declare an ordinance void if upon inspection it appears to be unreasonable, whether such unreasonableness is shown on the face of the ordinance, or by evidence.

4. ———: **Ordinance Held Void under Statute.** An ordinance of the city of Caruthersville which prohibited busses carrying passengers for hire from parking on any street of the city except for sufficient length of time to permit passengers to embark or disembark, *held* void under Laws 1921 (Extra Session), p. 100, subdivision (b), sec-

(1)

tion 24, which authorizes municipalities to *regulate* the parking of vehicles on the streets, but does not authorize, nor does any other statute authorize, municipalities to *prohibit* such parking; and in view of the further provision of said subdivision (b), that no ordinance shall be valid which contains provisions contrary to, or in conflict with the act, except as therein provided.

5. ———: **Ordinance Held Void as Unreasonable.**  An ordinance of the city of Caruthersville which prohibited automobiles carrying passengers for hire from parking within the city limits, *held* to be unreasonable, and therefore void.

6. ———: **Traffic Regulations: Ordinances: Powers.** Municipality by proper ordinance has authority to regulate the parking of vehicles, in order to prevent the obstruction of streets, etc., but has no authority to prohibit their parking.

---

*Headnotes 1. Injunctions, 32 C. J., Section 415; 2. Municipal Corporations, 28 Cyc., p. 370; 3. Municipal Corporations, 28 Cyc., pp. 369, 370; 4. Municipal Corporations, 28 Cyc., p. 910; 5. Municipal Corporations, 28 Cyc., p. 910; 6. Municipal Corporations, 28 Cyc., p. 910.

Appeal from the Circuit Court of Pemiscot County.— *Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED (*with directions*).

*Von Mayes,* of Caruthersville, for appellant.

(1)   A municipality has only those powers delegated to it by statute. St. Louis v. Construction Co., 244 Mo. 479; St. Louis v. Driesoerner, 243 Mo. 217.   (2)   The Legislature specifically delegated to the city the right to regulate the parking of vehicles on its streets, but not to exclude them from all the streets or alleys for parking purposes.  Laws of Missouri (Extra Session, 1921) sec. 23, p. 100.  This statute makes invalid any ordinance in conflict therewith.  The ordinance in question is plainly in conflict with the implied provisions of subdivision (b) of section 23 of the Act of the General Assembly at its extra session, 1921, page 100.  St. Louis v. Transfer Co., 256 Mo. 476; Freeman v. Green, 186 S. W. 1167-1168.

(3)    Where a city is empowered to enact an ordinance for a specific purpose, its power is limited to the power specified, and other powers are excluded by implication. State v. McKelvey, 256 S. W. 476; St. Louis v. Transfer Co., 256 Mo. 476; St. Louis v. Kaime, 180 Mo. 309. What is clearly implied by a statute is as much a part of it as if expressed in words. Coonce v. Munday, 3 Mo. 373; 36 Cyc. 1112, 1122. The session law above referred to not only specifically directs what the city may do with reference to the parking of motor vehicles, but provides any ordinance contrary to the provisions thereof shall be void, and therefore the power of the city is limited so that it cannot exclude vehicles from all its streets or alleys for parking purposes. A municipality cannot authorize that forbidden by statute. Ex Parte Lerner, 281 Mo. 18.    (4)    The ordinance is void also because it is unreasonable.    Ex Parte Battis, 48 S. W. 513.    (5) Plaintiff has no adequate remedy at law.    Hanson v. Neal, 215 Mo. 279; Sec. 1969, R. S. 1919; Wells v. Null, 235 S. W. 464; 2 High on Injunctions, 3 Ed., sec. 1308, p. 1023; Coal Co. v. St. Louis, 130 Mo. 323.

*Ward, Reeves & Oliver,* of Caruthersville, for respondent.

(1)    There are no facts pleaded in the plaintiff's petition to show irreparable injury or to show that the plaintiff will suffer irreparable property loss, or that the plaintiff will be subjected to a multiplicity of suits. The petition is therefore too barren of facts upon which to base injunctive relief.    Tinsley v. Caruthersville, 121 Mo. App. 142; Merchants Exchange v. Knott, 212 Mo. 616; State ex rel. v. Wood, 155 Mo. 425; State v. Hall, 250 S. W. 64.    (2)    (a)    The ordinance is not in conflict with Subdivision (b) of section 24 of Extra Session, Laws of 1921, even though it be admitted that the statute is silent on the specific matter covered by the ordinance. The statute does not prohibit cities from passing an

ordinance to prevent operation of automobiles for hire from parking on the streets for the purpose of soliciting and carrying on their business. City of Windsor v. Bast, 199 S. W. 722; Freeman v. Green, 186 S. W. 1167-68; Mike Berniger Moving Co. v. O'Brien, 240 S. W. 481; Ex Parte Tarling, 241 S. W. 929; City of Monette v. Campbell, 204 S. W. 32; St. Louis v. Klansmeier, 213 Mo. 127; St. Louis v. Baskowitz, 273 Mo. 543; Wagner v. St. Louis, 284 Mo. 410; St. Louis v. Galt, 179 Mo. 8; Kansas City v. Sutton, 52 Mo. App. 398. (b) The courts will not declare an ordinance unreasonable unless no difference of opinion can exist upon the question. Mike Berniger Moving Co. v. O'Brien, 240 S. W. 481; Wagner v. St. Louis, 284 Mo. 410; Gratiot v. Railroad, 116 Mo. 450; St. Louis v. Weber, 44 Mo. 547; City of Chillicothe v. Brown, 38 Mo. App. 609. (c) The general welfare section of the statute and the general police power of the city are sufficient authority for the ordinance in question. Sec. 8290, R. S. 1919; Ex Parte Tarling, 241 S. W. 929; See also authorities, supra. (d) There is nothing in the admitted facts in this case to show that the ordinance is unreasonable in its application. Under it, service car drivers are permitted to park on the streets in case of necessity, but not for the purpose of soliciting or carrying on their business. The reasonableness of the ordinance is to be determined by the municipal authorities, unless the unreasonableness of it is apparent and not doubted. City of Monett v. Campbell, 204 S. W. 32; City of Windsor v. Bast, 199 S. W. 722; City of Hannibal v. Tel Co., 31 Mo. App. 23; City of St. Louis v. Green, 70 Mo. 562; County Court v. Griswold, 58 Mo. 175; City v. Schoenbusch, 95 Mo. 622.

BRADLEY, J.—Plaintiff filed his bill against the city marshal of the city of Caruthersville seeking an injunction to enjoin the enforcement of an ordinance of said city. Answer and reply were filed. Motion was then filed by defendant for judgment on the pleadings.

This motion was sustained, and plaintiff's bill dismissed and he appealed.

The ordinance is as follows: "An Ordinance to prohibit any person, firm, company or corporation licensed to engage in or carry on the business of running or operating any automobile or jitney bus for the purpose of carrying passengers for hire from allowing or permitting any such automobile or jitney bus to be or remain stationary or parked on any public street or alley within the corporate limits of the City of Caruthersville, except for a reasonably sufficient length of time to permit passengers to embark or disembark from such automobile or jitney bus; and providing a penalty for the violation of this ordinance.

"Be it ordained by the council of the City of Caruthersville, Missouri, as follows:

"Section 1. It shall hereafter be unlawful for any person, firm, company or corporation licensed to engage in or carry on the business of running or operating any automobile or jitney bus for the purpose of carrying passengers for hire to permit or allow any such automobile or jitney bus to be or remain stationary or parked on any public street or alley within the corporate limits of the City of Caruthersville, except for a reasonably sufficient length of time to permit passengers to embark on or disembark from such automobile or jitney bus.

"Section 2. Any person, firm, company, or corporation found guilty of violating section 1 of this ordinance shall be fined in a sum not less than $1 nor more than $100 for each and every offense.

"Section 3. This ordinance shall take effect and be in full force from and after its passage and approval.

"Passed and approved this the 17th day of December, 1923.

"MORRELL DeREIGN, Mayor.

"Attest,

"THOS. D. WARD,

"City Clerk."

Plaintiff operates an automobile in the city of Ca-ruthersville, a city of the third class, for the purpose of carrying passengers for hire and challenges the valid-ity of this ordinance. Defendant contends that nothing appears in the pleadings to show that plaintiff is en-titled to relief on the equity side of the court. Plain-tiff alleges and defendant admits that this ordinance is being enforced against plaintiff, and that he is not in said city permitted to stop his automobile used for carry-ing passengers for hire longer than is prescribed by said ordinance. Section 2 of the ordinance prescribes a pen-alty of one to one hundred dollars for each and every violation. We think that Jewel Tea Company v. Car-thage, 257 Mo. 383, 165 S. W. 743, is authority supporting plaintiff's contention that he is entitled to injunctive re-lief if the ordinance is void. That case was to enjoin the enforcement of an ordinance defining a mercantile agent, and taxing that occupation a license fee, and mak-ing the doing of such business without procuring a li-cense a misdemeanor punishable by a fine. In ruling on the question of whether the cause was one of equity cognizance the court said: "It is apparent from the agreed statement of facts that plaintiff could not have adequate remedy at law. It was entitled to prosecute the lawful business in which it was engaged without vexa-tion, annoyance and irreparable damage of a multiplicity of suits growing out of an arrest and prosecution of its sales agent for each order and delivery of goods taken and·made by him.''

Plaintiff challenges the validity of the ordinance on the ground that it is not authorized by statute, and that it. is void because unreasonable. In City of Monett v. Campbell, 204 S. W. (Mo. App.) 32, we had under con-sideration an ordinance alleged to be void because un-reasonable. In that case we said: "Municipal corpora-tions are prima facie the sole judges of the necessity of their ordinances, and courts will not ordinarily review their reasonableness when passed in compliance with

authority given by the State. [City of Hannibal v. Missouri & Kansas Telephone Co., 31 Mo. App. 23; City of Windsor v. Bast, 199 S. W. 722; City of St. Louis v. Green, 70 Mo. 562; Co. Ct. of St. Louis Co. v. Griswold, 58 Mo. 175.] However, courts may declare an ordinance void if upon inspection it appears to be unreasonable. [City of Windsor v. Bast, supra; St. Louis v. St. Louis Theater Co., 202 Mo. 690, 100 S. W. 627.] Also the courts may declare an ordinance void whether void on its face or not, for unreasonableness, if, by evidence, it is shown that such ordinance is unreasonable. [City of Windsor v. Bast, supra; City of St. Louis v. St. Louis Theater Co, supra; City of St. Louis v. Warren Commission, etc., Co., 226 Mo. 148, 126 S. W. 166; City of Carthage v. Block, 139 Mo. App. 386, 123 S. W. 483.]"

The ordinance at bar does not attempt to *regulate* the parking of automobiles used for carrying passengers for hire. It prohibits the parking of such automobiles. Laws 1921 (Extra Session), p. 100, subdivision b of Section 24, authorizes municipalities to regulate the parking of vehicles on the streets, but neither this or any other statute authorizes municipalities to *prohibit* the parking of vehicles on the streets. Said subdivision further provided that "no ordinance shall be valid which contains provisions contrary to or in conflict with this act, except as herein provided." And there is nothing therein provided which squints at authorizing such a drastic ordinance as the one at bar. The ordinance is unauthorized by statute and is void.

We also think that the ordinance is void because unreasonable. We are unable to find any case in this State directly in point, and able counsel state in their briefs that they were unable to find such case. In Ex Parte Battis, 48 S. W. 513, the Court of Criminal Appeals of Texas declared void, because unreasonable, an ordinance of the city of Fort Worth quite similar to the ordinance at bar. .The ordinance there in judgment was as follows: "Any person or persons owning or using

any street carriage, hack or other vehicle for the purpose of conveying passengers, goods, wares or merchandise from one part of the city of Ft. Worth to another, for hire, who shall stop, stand or detain any such carriage, hack or vehicle on Main or Houston streets, or upon any cross streets running east and west between said Main and Houston streets, commencing with Weatherford street on the north, and ending with Seventh street on the south, or in front of any public hotel in said city, except when actually engaged in receiving or delivering passengers, goods wares or merchandise, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than five nor more than twenty-five dollars.''

In passing upon the validity of this ordinance the Court of Criminal Appeals said: ''The ordinance in question, it will be noted, inhibits the stoppage of vehicles on said streets in the city of Ft. Worth for any purpose, except to receive and discharge freight or passengers. Under it, no matter what the emergency might be, a person stopping a vehicle, outside of the exceptions, would violate the ordinance, and be subject to punishment. A great many exigencies might occur for a person to stop a vehicle for the transportation of goods or passengers, which he might be driving, entirely reasonable; but under the ordinance, if he delay but a moment, he would be subject to a fine. There can be no question that, under a proper ordinance, the municipality has authority to prevent the incumbering or obstruction of its streets, alleys, and highways by vehicles, and, to that end, can regulate their use, can fix stands for vehicles, and permit them to use no other place as stand. This would be a proper exercise of its power to regulate; but it occurs to us that the sweeping declaration in this ordinance, inhibiting the stoppage of vehicles for any purpose, outside of the exceptions mentioned, is oppressive, and is in contravention of common right, and so is unreasonable.''

Baker v. Hasler.

The Fort Worth ordinance is in degree less unreasonable than the ordinance at bar, because the prohibition there was limited to certain streets and in front of hotels, while the ordinance at bar covers the whole city. The language quoted from the Texas court as to the scope of the ordinance there in question is equally applicable to the ordinance under consideration.

The city has authority to regulate the parking of vehicles described in the ordinance, but it has no authority to prohibit the parking of such vehicles. The judgment should be reversed and the cause remanded with directions to enter judgment in accordance with the prayer of plaintiff's petition, and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.