## TINKER v. YELLOW CAB CO.
### No. 2516.

Court of Civil Appeals of Texas. Beaumont.
July 28, 1934.

Rehearing Denied Sept. 19, 1934.

Lewis Fisher and Franklin & Blankenbecker, all of Houston, for appellant.

King, Wood & Morrow, of Houston, for appellee.

COMBS, Justice.

This appeal was to the Galveston Court of Civil Appeals and the case is before us on transfer by the Supreme Court.

Appellant, Mrs. Myrtle Tinker, as plaintiff, instituted this suit in the district court of Harris county, Tex., against appellee, Yellow Cab Company, as defendant, to recover damages for personal injuries and for damages to her Packard automobile sustained as a result of a collision between her automobile and a cab belonging to appellee. The collision occurred March 19, 1931, at the intersection of Hathaway and Whitney streets in the city of Houston. According to Mrs. Tinker's testimony, she was driving south on Whitney street when she came to its intersection with Hathaway street, which crosses it at right angles. She stopped her automobile before entering the intersection and looked both ways. She testified that she saw the cab approaching from her right and traveling eastward on Hathaway street. It was then about a block away and she thought she would have ample time to cross ahead of it. She started her car in low gear and shifted to second gear as she got onto the intersection. She says she then discovered that the cab was coming very fast. She estimated its speed at 50 miles per hour. She increased her speed in an ef-

fort to get across ahead of it and avoid a collision, but, when she had gotten nearly across, the cab hit her car about the middle and she was knocked unconscious and seriously injured. V. E. Hinton, driver of the cab, a witness for appellee, and the only other eyewitness, gave his version of the accident in substance as follows: That he was driving east on Hathaway street at about 20 to 25 miles per hour when he first saw the plaintiff approaching the intersection driving south on Whitney street at about the same speed he was driving; that she was then 20 to 30 feet from the intersection and he was about the same distance from it; that he thought plaintiff would stop since the intersection was a "boulevard stop" on Whitney street; that he slowed his cab down to about 15 to 18 miles per hour, but the plaintiff did not stop or slacken the speed of her car but drove onto the intersection; that when he saw she was going to attempt to cross, he put his brakes on and swerved his car to the right in the direction she was traveling and the front wheels and bumper of his cab hit plaintiff's car near the door, the collision taking place on the south side of the intersection; both streets at that point are about 36 feet in width; that his cab was within 10 or 15 feet of plaintiff's car when he put his brakes on; and that he did not travel over 2 or 3 feet after hitting the plaintiff's car and the cab was only slightly damaged; that plaintiff's car swerved, struck a telephone pole, and turned over.

We have thus summarized the testimony of the two eyewitnesses, both interested parties, because of appellant's insistence that certain answers of the jury which we shall set forth below convicting her of contributory negligence have no support in the evidence.

The jury, in response to special issues, convicted the appellant of negligence in that (1) the driver of defendant's cab was operating it at a speed in excess of 20 miles per hour and that such speed was the proximate cause of plaintiff's injuries; (2) that defendant's cab was being driven at a greater rate of speed than was reasonable and proper under the circumstances and that such rate of speed was negligence and the proximate cause of appellant's injuries.

The jury convicted appellant of contributory negligence in that (a) she failed to keep a reasonable and proper lookout for vehicles upon Hathaway street just prior to the collision; that such failure was negligence and a proximate cause of the collision; (b) that she failed to yield the right of way to the cab, which failure was negligence and a proximate cause of the collision. The jury also made a number of negative findings which we will here summarize in view of appellant's insistence that some of these findings acquitting her of contributory negligence are in conflict with those findings which convicted her of contributory negligence in the two respects above mentioned. The negative findings were to the effect that (1) the driver of the cab did not fail to keep a proper lookout; (2) the driver of the cab did not fail to have his cab under reasonable and proper control; (3) plaintiff was not operating her automobile in excess of 20 miles per hour; (4) plaintiff was not driving her car at an excessive rate of speed; (5) plaintiff did not fail to have her car under reasonable and proper control; (6) plaintiff did not fail to slacken her speed on approaching the intersection; (7) plaintiff did fail to slacken the speed of her car upon entering the intersection but such failure was not negligence; (8) plaintiff did not fail before entering the intersection to bring her automobile to a stop; (9) plaintiff did fail to slacken her speed upon seeing the cab but such failure was not negligence; (10) plaintiff, after entering the intersection, did increase the speed of her automobile but such increase of speed was not negligence; (11) that plaintiff, after seeing the cab, did increase her speed but such increase of speed was not negligence; (12) that plaintiff, after seeing the cab, did fail to change the course of her car but that such failure was not negligence. The jury also found that the collision was not the result of an unavoidable accident.

Upon the jury's findings, the court entered judgment for the defendant and the plaintiff has appealed.

■ Appellant contends that there is an irreconcilable conflict between the jury's findings on the issues relating to the contributory negligence of the plaintiff. Her contention on this point may be shown by the following quotation from her brief:

"How could the findings consistently stand together that she failed to yield the right-of-way and failed to keep a proper lookout when the jury also found that she stopped before entering the intersection; was guilty of no negligence in failing to slacken her speed upon entering it; that she continued on across the intersection at a proper and nonnegligent rate of speed and that, indeed, she properly and without negligence increased her rate of speed while crossing the intersection; and properly did not change her course."

We do not think the findings present such conflict as contended for. Appellant was traveling along a "'stop street" and the cab was traveling on a through street. The jury found that the appellant did stop and by other findings found in effect that she acted with due care after entering the intersection. But such findings do not conflict with the other findings to the effect that the plaintiff negligently failed to keep a proper lookout and that she negligently failed to yield the right of way to the cab. Thus, in effect, the jury simply found that in approaching the crossing the appellant operated her car in a proper manner; that she operated it in a proper manner after she was on the intersection, but that she was negligent in failing to discover the cab by keeping a proper lookout and in entering into a place of danger at the time and place she did.

■ Appellant's further contention that the findings of the jury are against the great weight and overwhelming preponderance of the evidence is without merit. All of the findings of the jury have support in the evidence, as is sufficiently shown by the summary of the evidence set forth above.

■ Appellant assigns as error the action of the trial court in refusing to allow her to introduce the testimony of the witness Nold to the effect that he had had a conversation with Blackburn, appellee's manager, and that Blackburn had stated to him that the driver of the cab had tried to beat appellant across the street. The exclusion of the proffered testimony was not error. Blackburn did not witness the collision. His statement of what the driver was trying to do was necessarily based upon hearsay and was a mere conclusion.

In 17 Tex. Jur., p. 543, the rule is thus stated: "Admissions, declarations or statements made by a person against his interest are admissible against him or those claiming under him provided they are relevant and material to the issue, and bear upon some reasonable relation to it in point of time, and are not mere matters of opinion or mere conclusions or hearsay."

The testimony was offered not as a contradictory statement tending to impeach Blackburn, nor as a statement coming from Hinton, the cab driver, as tending to impeach him, but was sought to be introduced upon the theory that it was a declaration against interest by Blackburn. As such, it was purely hearsay and shows on its face to have been the expression of an opinion or conclusion. The trial court properly excluded it. Negociacion Agricola y Ganadera de San Enrique S. A., v. Love (Tex. Civ. App.) 220 S. W. 224; Williams v. Fuerstenberg (Tex. Civ. App.) 12 S.W.(2d) 812, 813 (reversed on other grounds [Tex. Com. App.] 23 S.W.[2d] 306); Gilbert v. Odum, 69 Tex. 670, 7 S. W. 510; 1 R. C. L., p. 481.

■ Appellant assigns as error the refusal of the trial court to permit her to file a trial amendment during the trial of the case setting up that appellee had failed to file a bond with the city of Houston, as provided by the city ordinances, running to the benefit of persons injured as the result of negligence of the operators of appellee's automobiles. The ordinance pleaded in the trial amendment provided substantially that no license shall be granted to any persons for the operation of a hack in the city except upon the condition that the applicant shall file a bond, as provided by the ordinance. It was alleged that appellee had failed to file the bond and its cab was, at the time of the collision, being operated unlawfully upon the streets of Houston. It is appellant's contention that not having filed the bond required by the ordinance, it was guilty of negligence per se in having its cab upon the street; that appellee, being a trespasser upon the streets, was liable for any injury sustained by the appellant as a result of the operation of its cab unless the injury was occasioned by her own willful and intentional act. Whether the appellee was guilty of negligence per se in operating its cab upon the street without having filed a bond, if it in fact did do so, is not necessary for us to decide. The failure to file the bond could not have been a proximate cause of plaintiff's injury. St. Louis, B. & M. Railway Co. v. Price (Tex. Com. App.) 269 S. W. 422; Pyeatt v. Anderson (Tex. Com. App.) 269 S. W. 429; Pyeatt v. Stroud (Tex. Com. App.) 269 S. W. 430. Nor would it relieve the plaintiff of the legal consequence of the acts of contributory negligence of which the jury convicted her. Mumme v. Sutherland (Tex. Civ. App.) 198 S. W. 395; American Automobile Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534 (writ refused).

We have carefully reviewed all of appellant's assignments and find no reversible error. The judgment of the trial court is affirmed.