EAST TEXAS MOTOR FREIGHT LINES v. RICHARD L. LOFTIS.

No. A-2227. Decided October 5, 1949.
Rehearing overruled November 2, 1949.
(223 S. W., 2d Series, 613.)

*Strasburger, Price, Holland, Kelton & Miller* and *Royal H. Brin, Jr.,* all of Dallas, for petitioner.

The trial court erred in admitting into evidence Section 29, Article 6 of the Ordinance of the City of Tyler, dated August 6, 1943, and the Court of Civil Appeals erred in holding violation thereof to constitute negligence per se because said section did not have the purpose of preventing accidents such as that involved here. Franklin v. Houston Elec. Co., 286 S. W. 578; Texas-La. Power Co. v. Webster, 126 Texas 127, 91 S. W. (2d) 302; Waterman Lbr. Co. v. Beatty, 110 Texas 225, 218 S. W. 363.

*James S. Grisham,* of Dallas, and *Miller & Jackson,* and *Steve Miller,* of Tyler, for respondent.

The Court of Civil Appeals did not predicate its findings of negligence per se upon defendant's violation of section 29, Article 6, of said traffic ordinance because said violation became immaterial in view of said court's correct finding with reference to petitioner's violation of section 24 thereof; but in any event said section 29 was reasonable, authorized and constitutional, and a violation thereof constituted negligence per se. West v. City of Waco, 116 Texas 472, 294 S. W. 832; Greene v. City of San Antonio, 178 S. W. 6; Beene v. Bryant, 201 S. W. (2d) 268.

MR. JUSTICE HART delivered the opinion of the Court.

The respondent and his wife were injured in a collision between the automobile in which they were riding as guests and a truck owned by the petitioner. The truck was parked at the curb on West Erwin Street in Tyler when the automobile ran into it from the rear. The respondent alleged that the truck was parked in violation of two ordinances of the City of Tyler and that these violations proximately caused the collision. The petitioner pleaded, among other defenses, that the sole cause of the collision was the failure of the driver of the automobile to keep a proper lookout. Based upon jury findings, the court entered judgment for the respondent, overruling the petitioner's motion for judgment non obstante veredicto. This judgment was affirmed by the Court of Civil Appeals. 219 S. W. (2d) 133.

The petitioner attacks the validity of the first ordinance relied on by the respondent, the pertinent portions of which read as follows:

"TRAFFIC ORDINANCE

"An ordinance regulating traffic upon the public streets of Tyler, Texas, and repealing all other ordinances and sections of ordinances in conflict therewith.

"Article 6—Stopping, Standing or Parking

"Section 24. Buses, taxicabs, hackneys, transfer trucks and other public service vehicles prohibited from parking in certain sections.

"It shall hereafter be unlawful for the operators of any bus, taxicab, hackney, transfer truck, or other public service vehicle to park on any public street, alley, or place in the City of Tyler; however, this provision shall not prevent any such vehicle from temporarily stopping in accordance with other parking regula-

tions, for the purpose of and while actually engaged in, taking on or discharging passengers or loading or unloading materials."

■ Petitioner urges that this ordinance is unauthorized, unreasonable, and discriminatory. We cannot agree with this contention. The City of Tyler is a home rule city, and under Sections 16, 20, and 21 of Article 1175, Vernon's Texas Civil Statutes, it is given broad powers to regulate the use of the public streets by all vehicles, including particularly vehicles used for the carrying of passengers and freight for hire. It is not unreasonable for the city to adopt ordinances applicable only to vehicles operating for hire and regulating or prohibiting their use of the public street for specified purposes. This ordinance prohibits the use of the public streets for storage or parking of vehicles operated for hire, except when the vehicles are being loaded or unloaded, and its effect and its apparent purpose are to make more parking space available for the general public. Petitioner has no right to demand that it be permitted to use the public streets for parking vehicles used in its business as a carrier for hire. In West v. City of Waco, 116 Texas 472, 294 S. W. 832, this court upheld an ordinance which prohibited the parking of vehicles operated for hire upon any public square in the City of Waco. Ordinances prohibiting or limiting the use of the streets by such vehicles have been upheld, with this court's approval, upon the ground that municipal corporations have broad discretion in regulating the use of the public streets for the prosecution of private businesses. See Greene v. City of San Antonio, Tex. Civ. App., 178 S. W. 6, 7, writ refused; City of San Antonio v. Fetzer, Tex. Civ. App., 241 S. W. 1034, writ refused; Waid v. City of Fort Worth, Tex. Civ. App., 258 S. W. 1114, writ refused; Harper v. City of Wichita Falls, Tex. Civ. App., 105 S. W. (2d) 743, writ refused. Two cases cited by petitioner, City of Arlington v. Lillard, 116 Texas 446, 294 S. W. 829, and City of Fort Worth v. Lillard, 116 Texas 509, 294 S. W. 831, involved ordinances which were held invalid because their effect was extra-territorial in that they interfered with the general policy of the State permitting the use of the state highways for transporting freight and passengers for hire. This cannot be said of the ordinance here attacked. Other cases cited by petitioner, Ex parte Battis, 40 Texas Cr. R. 112, 48 S. W. 513, 43 L. R. A. 863, 76 Am. St. Rep. 708 (compare Ex parte Harrison, 135 Texas Cr. R. 611, 122 S. W. (2d) 314); Baker v. Hasler, 218 Mo. App. 1, 274 S. W. 1095, and City of Clayton v. Nemours, 237 Mo. App. 167, 164 S. W. (2d) 935, were decided by other courts, and to the extent that they are inconsistent with the views we have expressed, we decline to follow them.

■ Petitioner also urges that the violations of the ordinance cannot be held to be negligence per se, because the ordinance did not have the purpose of preventing accidents such as that involved in the present case. Whether the violation of an ordinance or a statute can be held to be negligence as a matter of law depends at least in part on whether a purpose of the ordinance was to afford protection against the hazard involved in the particular case. Missouri, K. & T. Ry. Co. of Texas v. Saunders, 101 Texas 255, 106 S. W. 321, 14 L. R. A. (N. S.) 998, 16 Ann. Cas. 1107; Texas & P. Ry. Co. v. Baker, Texas Com. App., 215 S. W. 556; Alpine Tel. Corp. v. McCall, 143 Texas 335, 184 S. W. (2d) 830; Mundy v. Pirie-Slaughter Motor Co., 146 Texas 314, 206 S. W. (2d) 587; Restatement, Torts, sec. 286. We do not think that it can reasonably be said that one of the purposes of the ordinance in this case was to prevent a collision such as occurred here. It is true that the ordinance is designated a traffic ordinance, because it regulates the use of the streets by vehicles, but such ordinances do not necessarily have to be designed to prevent accidents. For example, an ordinance prohibiting parking within fifteen feet of a fire hydrant "was intended to assure immediate availability in case of a fire in the vicinity and not to aid in regulating traffic as an aid to highway safety." See Ennis v. Atkin, 354 Pa. 165, 169, 47 A. (2d) 217, 219. In a similar case, the court said, "The ordinance was not for the protection of the traveling public. Its purpose was to keep the hydrant accessible for quick use in case of need." See Denson v. McDonald Bros., 144 Minn. 252, 253, 175 N. W. 108. Here the purpose of the ordinance plainly is to limit the use of the streets by vehicles operated for hire and consequently to provide more parking space for other vehicles. If the purpose of the ordinance were to prevent collisions, then there would be no reason for limiting the ordinance to vehicles operated for hire or for making an exception where the vehicles are loading or unloading. The parking of a truck used only in the owner's private business would be as dangerous as the parking of a truck operated for hire; and a parked private passenger car would offer the same obstruction to traffic as a parked taxi. Certainly there would be no less danger to the public when a truck was loading or unloading than when it was stopped for some other purpose. It is the "other parking regulations" referred to in the present ordinance which were evidently designed to require parking to be done in such manner and at such places as not to create the danger of collisions with moving traffic. The present ordinance, however, did not have this purpose, and we therefore hold that its violation in this case did not constitute negligence per se.

Respondent also relied on the violation of Section 29 of the same ordinance, which reads as follows:

"Section 29. Early morning parking limited.

"It shall be unlawful for the operator of any vehicle to park said vehicle on any paved street between the hours of twelve P. M. and five A. M. on any day."

██ In its application for writ of error, petitioner raised the point that this ordinance did not have the purpose of preventing accidents such as that involved in the present case. After the writ of error was granted with the notation that it was granted on this point, respondent called our attention to the fact that this point was not raised in the petitioner's motion for rehearing in the Court of Civil Appeals, and filed a motion to set aside our order granting the writ of error and to dismiss the application. We think that respondent is correct in his contention that under Rules 458 and 469, Texas Rules of Civil Procedure, petitioner should have presented this point in its motion for rehearing and that we are precluded from considering this point in the application by its failure to do so. Moore v. Dilworth, 142 Texas 538, 179 S. W. (2d) 940; Glenn v. McCarty, 130 Texas 641, 110 S. W. (2d) 1148 (on rehearing). However, the purpose of our notations in granting applications for writs of error is to direct the attention of counsel to points that we particularly desire to have argued, and the granting of the writ brings before us all points which have been properly raised in conformity with the rules. Since other points in its application were properly preserved by the petitioner in its motion for rehearing in the Court of Civil Appeals and since the case can be disposed of on these points, we have jurisdiction to pass on these points and therefore overrule the respondent's motion.

█ Petitioner has properly raised the question that there is no evidence that any act or omission of the petitioner (even assuming negligence) proximately caused the collision. The rule that the defendant's act or omission must be shown to be a proximate cause of the plaintiff's injury is applicable to cases where the alleged breach of duty is the violation of a statute or an ordinance. Waterman Lumber Co. v. Beatty, 110 Texas 225, 218 S. W. 363; San Antonio & A. P. Ry. Co. v. Behne, Tex. Com. App., 231 S. W. 354; Hines v. Foreman, Tex. Com. App., 243 S. W. 479; Alpine Tel. Corp. v. McCall, 143 Texas 335, 184 S. W. (2d) 830; J. S. Abercrombie Co. v. Delcomyn, 134 Texas 490, 135 S. W. (2d) 978. While it has been criticized as involving a confusion of the elements of negligence with those of

proximate cause (see Green,, "Are Negligence and 'Proximate' Cause Determinable by the Same Test?"—Texas Decisions Analyzed," 1 Tex. L. Rev. 243, 423), "the doctrine that forseeableness or anticipation of injury is a necessary element to proximate cause is now so well established in this State that it is hardly necessary to do more than state the rule." See San Antonio & A. P. Ry. Co. v. Behne, supra, at 356. The more recent cases we have cited above have adhered to this rule. Following the consistent statements of this court on the subject, the petitioner was therefore entitled to rely on the issue of proximate cause in raising the question whether anything done or omitted by its employee could reasonably be anticipated to have resulted in the collision in this case.

The undisputed facts in this case show that the petitioner's truck was parked parallel with the curb and with its right-hand wheels touching the curb. While the evidence was in conflict on the issue of whether the truck's lights were burning, the jury found that the petitioner's truck was parked with lights and other visible signals "sufficient to apprise the driver of an automobile approaching it from the rear of its presence and position on the street before reaching too close to avoid striking it, in the exercise of ordinary care by such driver." The jury also found that the driver of the automobile in which respondent and his wife were riding failed at the time of the collision to keep a proper lookout ahead. These findings of the jury are supported by substantial evidence in the record. The further finding by the jury that the leaving of the petitioner's truck "parked on the street as it was at the time and as it was so parked" was a proximate cause of the collision, is in our judgment without support in the evidence. Petitioner's employee could not reasonably foresee that the driver of another automobile would run into the rear of a well-lighted truck, parked parallel with and against the curb. The opinion of the Court of Civil Appeals emphasizes testimony to the effect that the night was rainy or misty at the time of the accident, that the streets were wet, and that the driver of the automobile did not see the truck until he was within a few feet of it. However, the weather conditions were not so bad as to preclude all use of the streets, as is shown by the evidence that the respondent and others were riding on the streets at that time, presumably with proper thought for their own safety. Furthermore, the evidence sustained the jury's findings that the truck was visible so that a careful driver would have seen and avoided it by the use of due care, but that the driver of the automobile in which respondent and his wife were riding failed to keep a proper lookout. The conclusion seems to us to be inescapable that no

act or omission of the petitioner's employee was a proximate cause of the collision, and that the petitioner's motion for judgment non obstante veredicto should have been sustained.

The judgments of the district court and the Court of Civil Appeals are reversed and judgment is rendered for petitioner.

Opinion delivered October 5, 1949.

Associate Justice TAYLOR and HARVEY not participating.

Rehearing overruled November 2, 1949.