**Daniel BAZAN et al., Appellants,**

v.

**CORPUS CHRISTI TRANSPORTATION COMPANY, Inc., Appellee.**

**No. 3717.**

Court of Civil Appeals of Texas.

Eastland.

May 18, 1962.

McDonald, Spann & DeAnda, William H. Shireman, Corpus Christi, for appellants.

Lyman & Sudduth, Corpus Christi, for appellee.

GRISSOM, Chief Justice.

Daniel Bazan and wife and S. G. Perales sued Corpus Christi Transportation Company for damages caused by a collision on the streets of Corpus Christi between Perales' automobile, in which Mrs. Bazan was riding, and a taxicab driven by an employee of Airline Taxi, Inc. Plaintiffs alleged that Corpus Christi had an ordinance regulating the operation of taxicabs; that by authority thereof the Transportation Company obtained a franchise and license and was authorized to operate taxicabs for hire in said city and that it thereby became a common carrier; that it obtained a license to operate the taxicab that collided with the Perales' car and that said cab was then owned by the Transportation Company. Plaintiffs further alleged that said franchise and the license for said taxicab were then in force and had not been transferred with the consent of the city; that the taxicab was using the streets of Corpus Christi by virtue of the franchise and license issued to the Transportation Company and that it thereby became responsible for the negligence of the driver of the taxi despite the fact that he was an employee of lessee. Plaintiffs then alleged the negligence of Nichols, the taxi driver, that same was a proximate cause of the injury of Mrs. Bazan and damage to Perales' automobile.

The Transportation Company filed a motion for summary judgment to the effect that plaintiffs' pleadings disclosed there was no genuine issue as to any material fact and that, assuming plaintiffs' allegations

were true, the Transportation Company was not liable, as a matter of law; that the only claim of liability of the Transportation Company was that the taxi was using the streets of Corpus Christi by virtue of a franchise and license issued to the Transportation Company and therefore, as a matter of law, the Transportation Company was not liable; that plaintiffs had not alleged that the driver of the taxicab was an employee of the Transportation Company; that no such allegation could be made because the Transportation Company had no employees operating taxicabs in the city and it neither had nor exercised any authority over the operation of any taxicabs therein and that the driver of the taxicab in question was an employee of Airline Taxi, Inc., and it had sole control of and authority over the operation of said taxicab. The Transportation Company further alleged that it appeared from the allegations of Bazan and wife in another case in a different court, in which they sued Airline Taxi, Inc., as a result of the same collision, that the driver was the employee of Airline Taxi, Inc., and that he was then acting within the scope of his employment by Airline Taxi, Inc. Defendant attached to said motion a copy of said petition which did contain said allegations.

Plaintiffs filed affidavits opposing the motion for summary judgment, including an affidavit of the city secretary that there was an ordinance governing issuance of licenses for operation of taxicabs in Corpus Christi and that it provided that no license issued thereunder should be transferred without the consent of the city; that, by virtue of said ordinance, there was then outstanding in the name of the Transportation Company, a license for the operation of the taxicab which collided with Perales' automobile; that the city had not consented to its transfer, nor to the operation of said taxicab upon its streets by the Airline Taxi, Inc. Affiant further stated that the city had not approved the contract between the Transportation Company and Airline Taxi, Inc.

The contract was a lease by the Transportation Company to Airline Taxi, Inc., of the Transportation Company's business and taxicabs for five years in consideration of the payment of $100.00 per day. The lease commenced on August 1st, 1955, two years before the Perales' accident. It provided, among other things, that Airline Taxi, Inc., would promptly pay all taxes, charges, licenses, permit fees, street rental fees, gross receipts taxes and all other taxes and charges levied by any governmental authority against said taxicabs or said business; that it would so conduct its business under the Transportation Company's franchise and licenses that said franchise would not be lost by reason of Airline Taxi's operations; that Airline Taxi, Inc., would not seek additional taxicab permits or licenses whereby Airline Taxi, Inc., would become entitled to operate more taxicabs in the city than was then entitled to operate. Plaintiffs also filed the affidavit of Mrs. Bazan that she was a passenger in Perales' automobile when it was struck by the Transportation Company's taxicab, which had the license issued for it to the Transportation Company; that she had not released Airline Taxi, Inc., from liability; that she contended the Transportation Company was a joint tortfeasor with Airline Taxi, Inc., and that she was entitled to recover damages from it because the Transportation Company obtained a license to operate said taxicab under the ordinance mentioned and the Transportation Company thereby bcame a common carrier and, therefore, the Transportation Company could not contract away its liability as a common carrier without the approval of the city, which it had not obtained; that even though Nichols was employed by and under the direction of Airline Taxi, Inc., and engaged in the course of his employment by it, nevertheless, the Transportation Company owned the taxicab and the license under which it was being operated and, therefore, the Transportation Company was liable to any person injured by the negligence of said driver which proximately caused such injuries.

The Transportation Company filed a supplemental affidavit showing a judgment, based on the same collision, by the Bazans against Airline Taxi, Inc., for $3,800.00, payable in monthly installments of $250.00, and that Airline Taxi had paid plaintiffs $250.00 on said judgment.

The court granted the Transportation Company's motion for summary judgment and rendered judgment for it. Plaintiffs have appealed.

The substance of appellants' points are that the court erred in granting defendant's motion for summary judgment and thereby holding that the Transportation Company, which was carrying on an activity which could be lawfully conducted only under a franchise granted by the city and which involved an unreasonable risk of harm to others, was not liable for damages caused by the negligence of a contractor employed to do the work and erred in holding that the Transportation Company, which was a common carrier, could delegate its responsibilities arising from its franchise by contracting with another as an independent contractor and thus avoid liability for the negligence of such contractor's employee.

The alleged liability of the Transportation Company rests upon the facts that the franchise and license of the Transportation Company was in force at the time of the collision, the license used on the cab had not been transferred with the consent of the city and the taxicab was using the streets by virtue of the Transportation Company's franchise. The only violation of the law alleged, if any, is that an ordinance prohibited the transfer of a license without the consent of the city. It was not specifically alleged that the Transportation Company had transferred the license on the taxicab involved in the collision. It was alleged that said taxicab was then being operated under the Transportation Company's license.

The record does not show that said license had been transferred within the meaning of said ordinance, unless it is shown by said lease. We do not think that the lease of a licensed automobile effects a transfer of the license. The affidavit of the city secretary shows that at the time of the collision an ordinance was in effect in Corpus Christi which governed issuance of licenses for operation of taxicabs on its streets and that it provided that no license issued thereunder should be transferred without the consent of the city. If liability was intended to be asserted against the Transportation Company because it violated said ordinance and was therefore guilty of negligence, we think it has failed to do so. The license was not shown to have been transferred, unless transfer is established by the fact that Nichols was operating the taxicab as an employee of Airline Taxi, Inc., while it bore a license issued to the Transportation Company. We do not believe a transfer, within the meaning of the ordinance, is shown, nevertheless, the facts alleged fail to show either negligence or that the alleged negligence was a proximate cause of plaintiffs' damage. Negligence is not shown because the purpose of the prohibition was not to prevent the collision of a taxicab, while being driven by a transferee of such a license. 7 Tex.Jur.2d 545; American Law Institute, Negligence Sec. 288, p. 759, 761. A violation of such an ordinance does not establish negligence per se unless prevention of such an accident was a purpose of its enactment, East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613, 615; Mundy v. Pirie-Slaughter Motor Company, 146 Tex. 314, 206 S.W.2d 587, 590. We conclude that, even if violation of said ordinance was shown, same does not constitute negligence. The rule that a defendant's act must be shown to be a proximate cause of plaintiffs' injury is applicable where the alleged negligence is violation of an ordinance. J. S. Abercrombie Co. v. Delcomyn, 134 Tex. 490, 135 S.W.2d 978, 979; East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613, 616. We think the facts alleged fail to show that violation of said ordinance, if any, was either negligence

or a proximate cause of plaintiffs' damage. San Antonio & A. P. Ry. Co. v. Behne, Com.App., 231 S.W. 354; Skillern & Sons v. Paxton, 293 S.W.2d 521 (Ref. N.R.E.); Tinker v. Yellow Cab Co., 74 S.W.2d 521, 523, (Writ Dis.); 7 Tex.Jur.2d 545; Vol. 2 Restatement of the Law of Torts, page 759; 68 S.L.R. 1002, 1016; 100 A.L.R. 927.

The court correctly sustained the motion and rendered judgment for appellee. Appellants' points are overruled. The judgment is affirmed.