# Wytheville

S. F. PRATT AND MELVIN O. POWELL v. JANIE F. MILES, AN INFANT, ETC.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Caskie & Frost,* for the plaintiffs in error.

*W. H. Jordan,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

· Janie F. Miles (hereinafter called the plaintiff) was injured when the automobile in which she was a passenger collided with a motorcycle and a street car. To recover the damages sustained by her she sued S. Frank Pratt and Melvin O. Powell, the owner and operator respectively of the motorcycle, and the Lynchburg Traction & Light Company, the owner and operator of the street car.

The lower court having struck the evidence as to the Lynchburg Traction & Light Company, a verdict and judgment were recorded in its favor. This action is not here questioned. The jury found a verdict in favor of the plaintiff against the defendants, Pratt and Powell, and the judgment entered thereon is here for review on a writ of error.

The collision occurred at the intersection of Campbell avenue and Seventeenth street in the city of Lynchburg, at about 10:30 P. M. on December 24, 1934. Campbell avenue runs approximately southeast and northwest. Seventeenth street intersects it from the north at an acute angle. A single northbound street car track turns from Campbell avenue into Seventeenth street at the intersection.

A moment or two before the collision a street car, bound northwesterly on Campbell avenue, and the motorcycle, with an attached side-car, bound southeasterly on the same avenue, reached the intersection at approximately the same time. Believing that the overhang of the street car, in rounding the curve into Seventeenth street, would make it unsafe for the motorcycle to pass, the operators of the respective conveyances brought them to a stop, each indicating his desire to give the other the right of way.

· Just at this time the 1930 Ford coach in which the plaintiff was riding, and which was being driven by her young cousin, Thomas Miles, nineteen years of age, was proceeding southeasterly along Campbell avenue, in the rear of the motorcycle and meeting the street car. The driver of

the automobile, not having observed the motorcycle, intended to pass the standing street car. When less than five feet from the rear of the motorcycle he saw it for the first time. He cut his car sharply to the left and attempted to drive between the motorcycle and the street car, but without success, colliding with both.

Miles' excuse for not seeing the motorcycle is that it was not equipped with a rear red light, and in this he is corroborated by the plaintiff as well as the only other passenger in the automobile. While the defendants' evidence showed that the motorcycle was in fact carrying a proper rear red light, we must accept the contrary as established by the verdict.

According to the plaintiff's witnesses the automobile was proceeding at a speed of from twenty to twenty-five miles an hour as it approached the intersection. It was equipped with the proper headlights and with four-wheel brakes, all in good order and condition. The driver testified that he could have stopped his car under the conditions within twenty feet.

While there are several assignments of error, the conclusion which we have reached makes it necessary that we discuss only one, namely, that the verdict was contrary to the law and evidence and without evidence to support it, and, therefore, the court should have either stricken the plaintiff's evidence or set aside the verdict and entered a final judgment for the defendants.

The gist of the plaintiff's case is that the defendants were negligent in operating the motorcycle without the required rear red light, and that had it been so equipped the driver of the automobile would have seen the motorcycle and avoided the collision.

The defendants claim that in no event was the failure to have the required red light the proximate cause of the collision, that the uncontradicted evidence shows that the surrounding lights—the overhead arc light, the lights of the street car and the headlights of the automobile—made the motorcycle plainly visible to a driver keeping a proper

lookout. The failure of the driver of the automobile to keep such proper lookout, the defendants say, was the proximate cause of the accident.

While Campbell avenue, along which the automobile was proceeding, is considerably down grade some distance northwest of the intersection with Seventeenth street, it is practically level for at least sixty feet to the rear of where the motorcycle was standing. All of the witnesses, including both the plaintiff and the driver of the automobile, testified that the arc light in the street intersection was burning. The motorcycle was almost under this light. The interior of the street car, standing just beyond the motorcycle, was brightly lighted and its headlights were burning. The headlights of the motorcycle were lit. According to the uncontradicted testimony of three witnesses these lights made the motorcycle and side-car plainly visible from a distance of at least two hundred feet. Despite this the driver of the automobile testified that he did not see the motorcycle and side-car, measuring eight and one-half feet long by more than four feet wide, until he was "right on it," or less than five feet away.

Under these circumstances we think it is clear that there was no causal connection between the failure of the motorcycle to have the required red light and the accident; that is, that such failure was not the proximate cause of the collision. If the driver of the car did not see the motorcycle and side-car standing in plain view in this brightly lighted scene how can it be said that he necessarily would have observed the red light which he claims was lacking? Would he have seen a pedestrian crossing at the intersection? It is apparent that the failure of the driver to keep a proper lookout was the real, that is, the proximate, cause of this collision.

This subject was treated by Mr. Justice Hudgins in *Kinsey* v. *Brugh,* 157 Va. 407, 161 S. E. 41. There we upheld a judgment against the driver of an automobile which

ran into the rear of a buggy which was not carrying the lighted lantern required by law. There the lack of a light in the buggy was the remote cause and the failure of the automobile driver to keep a proper lookout was the proximate cause of the collision. The same is true here.

The judgment complained of should be set aside and a final judgment entered for the defendants. It is so ordered.

*Reversed and final judgment entered.*