Bob CHILDRESS, Appellant,

v.

CITY OF FOREST HILL, Appellee.

No. 16340.

Court of Civil Appeals of Texas.

Fort Worth.

June 8, 1962.

Rehearing Denied July 6, 1962.

John W. Herrick, and Jim Puff, Fort Worth, for appellant.

Tilley, Hyder & Law and Thos. H. Law, Fort Worth, for appellee.

PER CURIAM.

The plaintiff Childress brought suit against the City of Forest Hill for damages sustained when plaintiff's automobile ran into a ditch in the street.

At the conclusion of plaintiff's evidence the defendant moved for an instructed verdict on the grounds plaintiff had failed to establish any negligence on the part of the defendant, and that plaintiff introduced no evidence to show that the defendant knew, or should have known, that the ditch in question had sunken.

The motion was sustained and judgment entered for the defendant.

Plaintiff's petition charged the defendant with negligence in (a) failing to maintain Orchard Street in a reasonably safe condition for vehicular traffic; (b) failing to warn plaintiff that said street was unsafe for vehicular traffic.

Prior to December 12, 1959, defendant granted a plumbing contractor a permit to dig a ditch across Orchard Street. Orchard Street runs east and west. About three days before the 16th the ditch was filled in but not hard surfaced. A rain fell during the early morning hours of the 16th.

Plaintiff testified that about 8:00 or 8:30 A.M. on the 16th, while driving east on Orchard Street at about 20 miles per hour the front wheels of his car dropped into the ditch. He was looking at the road ahead but did not see the ditch because it was filled to street level with muddy water. He was driving on the south half of the street.

The defendant's water superintendent testified the ditch was completely filled in on the south side of the street three or four days before the 16th and opened for traffic. He inspected the ditch on the 15th. Apparently there was no defect at that time. He arrived at his office about 7:45 A.M. on the 16th and was told there was trouble on Orchard Street. He went to the trouble spot immediately. When he arrived the front wheels of plaintiff's car were in the ditch on the south portion of the street.

The defendant's superintendent of the Sewer Department, who doubled as a police officer, arrived at the scene about 7:45 A.M. A car driven by a lady was in the ditch on the north portion of the street.

He inspected the street on the south half where the ditch had been dug. So far as he could tell the south half was in good condition. He walked on the covering of the ditch. He checked it with his foot and it appeared to be solid. The fill-in had a crust over it. While there he warned some drivers because it "could possibly cave in." However, upon observing that traffic was crossing it regularly, and no sign of sinking or collapsing appeared, he ceased to warn traffic before plaintiff appeared upon the scene.

■ It was held in Hanks v. City of Port Arthur, 121 Tex. 202, 48 S.W.2d 944, that where the defects or causes of injury are not traceable to direct acts of the city, or those for whose conduct it is liable, but rather to its failure to inspect and ascertain the existence of defects not due to its own active negligence, or the negligence of those for whom it is responsible, then the city must have had notice of the defects, actual or constructive, and have had a reasonable time and opportunity for removing them.

In the instant case the ditch was dug by a third party with permission of the City. There is no pleading or proof that the actual work was done or left in a negligent manner.

It is undisputed that the street was safe at least until after the rain on the morning of the accident. It is undisputed that the south portion of the street was used with safety by regular traffic until the time plaintiff's car arrived. A proper City official had inspected the street where the ditch crossed and found it satisfactory. There is no contention he inspected it in a negligent manner nor that he should have done anything other than what he did to determine the safety of the street.

Plaintiff contends the defendant should have warned him of the unsafe condition. As heretofore stated, the defendant inspected and examined the street at the site of the ditch and found no defect or danger requiring a warning.

■ The fact that part of the ditch on the north side of the street had sunk (it is not shown when the north half had been filled in or whether the north half had been opened to traffic), and that the Water Department's superintendent testified the ditch on the south side could possibly cave in, might amount to a scintilla of evidence that defendant should have given plaintiff a warning that a comparatively freshly filled ditch was in the street. Even so, it is the duty of the court to instruct a verdict, though there be slight testimony, if its probative force be so weak that it only raises

a mere surmise or suspicion of the existence of the fact sought to be established, such testimony, in legal contemplation, falling short of being "any evidence." Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791.

Judgment affirmed.