Glen WILLIAMS, Appellant,

v.

J. R. JACKSON, individually and as next friend of Rudy Jackson, A Minor, Appellees.

No. 7893.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 16, 1968.

Rehearing Denied Jan. 13, 1969.

Albert Smith, Lubbock, for appellant.

Vickers, Garner & Walters, Lubbock, for appellees, Robert E. Garner, Lubbock, of counsel.

NORTHCUTT, Justice.

This is an automobile collision damage suit. On the evening of October 24, 1966, by prearrangement the plaintiff, Rudy Jackson, and others, repaired to an area on a public highway outside the city limits of Wolfforth, Texas, in order to contest vehicular speed in quarter mile races, a practice commonly known as drag racing. After a race between the plaintiff, Rudy Jackson and Joe Self, Rudy Jackson returned to the starting line and stopped on the left side of the pavement. While in that position Rudy's car was struck in the rear by a vehicle driven by Glen Williams, the defendant. The races that evening were between Rudy and Joe. The roadway upon which the boys were racing was a two lane asphalt construction approximately 20 ft. wide. The two cars that were racing would line up side by side on the paved road and one boy would give a signal for the races to start. The starting point was at the south end of the racing strip, and they would race north for approximately a quarter of a mile then return to the starting point for another race. There were several persons at the races including plaintiff, defendant, Joe Self and Joe Freeman. Defendant had parked his car off of the pavement at the north end of the race strip. It is not shown what he was doing at this point as to whether he was the judge on the races or anything else other than that he was parked at the north end of the race track. The plaintiff and Joe Self had made four races. When they made the last race the plaintiff turned around and started back to town going south on the west side of the highway. When he reached the starting place he pulled over and parked his car on the east side of the pavement. Joe Self stopped at the north end of the pavement and talked to the defendant for a while and then Self and defendant started back south driving on the west side of the highway. Self was in front of defendant and just before reaching the starting point of the racing, Self put on his brakes and defendant seeing Self was stopping, applied his brakes and turned to the left to keep from running into Self and hit plaintiff's car that was parked on the east side of the pavement. All of the races and the accident here involved took place late in the evening when it was dark.

The case was submitted to a jury upon special issues all of which were answered favorable to the plaintiff. Judgment of the court was for the plaintiff and from that judgment, the defendant perfected this appeal. It is the appellant's contention the court erred in overruling his motion for instructed verdict and his motion for judgment non obstante veredicto because the record conclusively disclosed that plaintiff voluntarily exposed himself to a known and apparent danger—drag racing.

■ It is undisputed that the drag racing the boys were doing on the night in question was dangerous and that such racing was in violation of the law. Art. 795, Vernon's Ann.Texas Penal Code. The plaintiff testified it was dangerous and he knew it was dangerous. Consequently, it was not necessary to submit to the jury whether it was dangerous and whether the plaintiff appreciated the danger. But here the plaintiff was not injured while actually drag racing but the issue here would be concerning his parking as he did and whether he appreciated the danger. We are familiar with the rule that plaintiff may not close his eyes to obvious dangers and may not recover where it is shown that he is in possession of facts from which he would be legally charged with appreciation of danger. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.Ct.); Montez v. Bailey County Electric Co-operative, Tex.Civ.App., 397 S.W.2d 108, (n. r. e.); Shaver v. Manziel, Tex.Civ.App., 347 S.W.2d 20 (n. r. e.). Under the record here we cannot say the drag racing was still being carried on and neither can we say that there would have been more races, but there is no question but what the accident happened after the last race was had. It would have been different had the injury occurred when Self and Jackson were racing.

■ From the evidence produced as to the manner in which plaintiff conducted himself in parking on the paved highway, under the circumstances, it cannot be said as a matter of law that he was guilty of contributory negligence proximately contributing to his injury. No hard and fast rule can be laid down as to what a person should do for his own safety in a great variety and diversity of situations of danger which now constantly arise, but ordinarily what is due care or what should be the conduct of the everyday reasonably prudent man for his own protection under a like situation is a question of fact which must be left to the determination of the jury. We think under the record here that it is clearly shown that both parties were guilty of negligence.

Special Issue No. 11 was as follows:

"Do you find from a preponderance of the evidence that Rudy Jackson stopped his automobile upon the paved or main travelled portion of the highway, when it was practical for him to stop his vehicle off the main travelled portion of the highway on the occasion in question?"

The jury answered he did. The jury then found such stopping was not negligence but did not answer the issue as to whether such stopping was a proximate cause. Appellant requested the court to return to the jury to answer that issue as to proximate cause but the court refused the request.

Art. 6701d, Sec. 93(a) provides that no person shall stop, park or leave standing any vehicle whether attended or unattended upon the paved or main travelled part of the highway when it is practical to stop, park or leave vehicle off of such part of said highway. Plaintiff testified he knew where it was practical to park off the highway that it was a violation of the law for him to park on the highway where he parked that night and there wasn't anything to keep him from pulling off of the pavement and parking on the shoulder.

■ Although the jury found the stopping on the highway by Rudy Jackson as above set out was not negligence, we cannot agree with such finding and we believe

that such stopping was negligence as a matter of law. Appellant was entitled to have the jury to pass on the issue of proximate cause. Jackson didn't present any reason or excuse as to why he could not have stopped off the pavement onto the shoulder. It is stated in Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 at 939 as follows:

"Considered by and large, we see no sound reason to be dissuaded from applying the common-law test of the reasonably prudent man in determining whether, under the statute, a train was 'plainly visible' and 'in hazardous proximity' to a crossing. That holding does not render the statute nugatory or futile. The transposition of this and other common law rules of conduct into statutory rules makes their violation, if unexcused, negligence per se, and subjects one who violates them to criminal penalties not theretofore imposed."

It was held in Nash v. Roden, Tex.Civ. App., 415 S.W.2d 251, at 258 (n. r. e.) as follows:

"In Texas, the rule is well established that the violation of a statutory duty is negligence per se, and that once the violation is established the only added finding necessary to establish a defendant's liability is that the violation of the statutory duty was a proximate cause of the plaintiff's injuries. University of Texas: Calvert, Special Issues Under Article 6701d, 34 Texas L.Rev. 971, 977 (1956).

"This rule is not without exceptions, and once the violation has been proved, the defendant may then go forward and prove an excuse or justification for the violation. However, the burden is upon the party seeking to justify the violation to prove up an excuse or justification. Younger Bros. v. Marino, 198 S.W. 2d 109, (Tex.Civ.App. Galveston, 1946, writ ref'd n. r. e.); 27 Texas L.Rev. 866 (1949)."

It was held in Parks v. Hines, Tex.Civ. App., 314 S.W.2d 431 at 436 (n. w. h.) as follows:

"We believe the authority of Haltom v. Leatherwood, Tex.Civ.App., 287 S.W.2d 744 would require us to hold that it was possible for the driver of the Robinson truck to have parked the truck off the pavement within the purview of Section 93(a). Having failed to do so we believe he was guilty of negligence per se. The case just cited has no writ history but we believe it announced sound principles of law in interpreting Section 93(a). If it was possible under the circumstances of that case to park off the highway, it was equally or more possible to do so in our case, particularly in view of the fact a crawler tractor was available to pull the truck in the event it could not pull out of the mud."

Since we hold that Rudy Jackson was guilty of negligence as a matter of law, and that the defendant was entitled to have the jury pass upon his defensive issue of proximate cause, the jury should have been required to answer the issue as to whether such negligence was a proximate cause of the accident, we reverse the judgment of the trial court and remand for a new trial.