**Akin LaGARD, Appellant,**

**v.**

**AMERICAN PETROFINA COMPANY OF TEXAS et al., Appellees.**

**No. 17309.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 24, 1969.

Rehearing Denied Dec. 5, 1969.

James E. Price, Irving, for appellant.

Mark Pool, Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Appellant Akin LaGard brought this suit seeking to recover damages for personal injuries sustained when he drove his pickup truck into the rear of a parked truck. The defendants in the trial court, appellees here, were American Petrofina Company and Paul E. Henderson, owner and operator respectively of the parked truck.

At the conclusion of appellant's presentation of his evidence appellees' motion for instructed verdict was granted and judgment entered accordingly that appellant take nothing by his suit.

In his only point on appeal appellant asserts that the court erred in sustaining appellees' motion for instructed verdict and rendering judgment that appellant take nothing. He claims that appellees were guilty of negligence per se in that they parked the truck in violation of state statutes and an ordinance of the City of Mesquite. He argues also that there were fact questions in regard to common law negligence and proximate cause.

Appellees present four counterpoints in which they contend that the trial court correctly sustained their motion for instructed verdict because (1) there was no evidence of probative force to support a judgment for appellant; (2) there was no evidence of any negligence chargeable to appellees; (3) the record establishes as a matter of law that if there was any negligence on the part of appellees it was not a proximate cause of the collision; and (4) the record establishes as a matter of law that negligence on the part of appellant was a proximate cause of the collision.

We have concluded that appellant's point of error should be overruled. We agree with the contentions of appellees as stated in their first, third and fourth counterpoints.

The undisputed testimony shows that at about 9:15 P.M. on August 25, 1969 appellant LaGard was driving his pickup truck along the service road which runs to the south of Interstate Highway No. 30 in the City of Mesquite, Texas. The service road is a one-way street with three paved lanes and concrete curbs on each side of the street. Appellant drove his pickup truck into the rear of a truck parked against the curb in the right hand lane.

The parked vehicle was a large asphalt truck mounted on eighteen wheels and consisting of a tractor to which was attached an aluminum asphalt tank trailer of a capacity of 6,000 gallons of asphalt.

Appellee Henderson, an employee of American Petrofina Company, had parked the truck at a point opposite to the Golden Ox Restaurant, which was located on the other side of Highway No. 30. Henderson had gone to the Golden Ox Restaurant to eat his evening meal. He had turned off the truck's rear lights but there were two reflectors attached to the rear bumper. There was a "Fina" sign or emblem on the rear of the tank.

Also approximately opposite to the place where the truck was parked were a Holiday Inn Motel and two service stations. These as well as the Golden Ox Restaurant had several large lights and numerous smaller lights which to some extent illuminated the scene of the collision.

Located between the service road and the main highway about 30 feet from the place where the asphalt truck was parked was a street lamp post from which was suspended a large street light. The primary purpose of this street light was to illuminate the highway, but it also shed some light on the service road at the point where the large truck was parked.

Appellant LaGard was on his way home. He was proceeding in a leisurely manner at a speed between 15 and 25 miles per hour for he was not in a hurry. He had inadvertently passed several intersections where he should have turned off the highway. His explanation of these inadvertencies is that "I wasn't paying too much mind to it." The right front of his pickup truck collided with the left rear of the parked asphalt truck.

LaGard's testimony is significant. We quote from his testimony:

"Q Now tell me this: as you drove along there, did you have good lights on that pickup?

A I had very good lights on the pickup.

Q Very good lights?

A Very good lights.

Q And they would shine out and show up anything ahead of you for about how many feet ahead?

A I would say half a block.

"Q Half a block. Something like three or four or five hundred feet, something like that?

A Yes.

Q Somewhere in that neighborhood?

A Yes.

Q Three or four or five hundred feet ahead of you, your lights would shine and show up anything in front of you?

A Yes."

\* \* \* \* \* \*

"Q Did you try to jerk your car or pickup to the left?

A Tried to jerk it to the left.

Q But you didn't move it enough to amount to anything?

A No, sir.

Q Didn't have time?

A Didn't have time.

Q If you had seen it earlier, you would have had time?

A Would have had plenty of time."

\* \* \* \* \* \*

"Q All right, sir. During the time that you drove along the street where the accident happened, was anything between you and the parked truck?

A No, sir.

Q Weren't any other vehicles or anything in the way to keep you from seeing it?

A No, sir."

Yet LaGard did not notice the large parked truck until he was within about two feet of it. He says he first saw the truck's tires. Then he tried to jerk his pickup truck to the left, but was able to make it change direction only an inch or two before the collision. He says he did not apply his brakes because he did not have time to do so after seeing the parked truck.

Ordinarily questions of negligence and proximate cause are issues of fact. But when the facts are undisputed and reasonable minds cannot differ negligence and proximate cause become matters of law. Our appellate courts have not hesitated to so hold. In East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613 (1949), the facts were similar to those of the instant case. Our Supreme Court there held that as a matter of law the alleged negligence of the defendant in leaving its truck parked against a street curb was not a proximate cause of plaintiff's injuries; and that the rule is applicable where the alleged breach of duty is a violation of a statute or ordinance. See also Snodgrass v. Fort Worth & D. Ry. Co., 441 S.W.2d 670 (Tex.Civ.App., Amarillo 1969, no writ); Mid-Tex Development Co. v. v. McJunkin, 369 S.W.2d 788 (Tex.Civ. App., Dallas 1963, no writ); Childress v. City of Forest Hill, 359 S.W.2d 112 (Tex. Civ.App., Fort Worth 1962, writ ref'd n. r. e.); Rittenberry v. Robert E. McKee, General Contractor, Inc., 337 S.W.2d 197 (Tex.Civ.App., Dallas 1960, writ ref'd n. r. e.); Cave v. Texas & Pacific Ry. Co., 296 S.W.2d 558 (Tex.Civ.App., Eastland 1956, writ ref'd n. r. e.); Reedy v. Missouri, K. & T. Ry. Co., 203 S.W.2d 347 (Tex.Civ. App., Amarillo 1947, no writ).

Other jurisdictions have made similar holdings in regard to proximate cause. Jilka v. National Mutual Casualty Co., 152 Kan. 537, 106 P.2d 665 (1940); Hines v. Brown, 254 N.C. 447, 119 S.E.2d 182 (1961); Wright v. National Mutual Casualty Co., 155 Kan. 728, 129 P.2d 271 (1942); Walling v. Flynn, 332 S.W.2d 638 (Ky. 1960); Hughes v. Luther, 189 N.C. 841, 128 S.E. 145 (1925); Pratt v. Miles, 166 Va. 478, 186 S.E. 27 (1936).

In this case, even if we were to say that appellee Henderson was negligent in parking the asphalt truck as he did, the undisputed facts would require us to hold that such negligence, if any, was not a proximate cause of the collision.

Furthermore, we hold that under the undisputed facts the conclusion is inescapable as a matter of law that appellant LaGard was guilty of contributory negligence in that he failed to keep a proper lookout, he failed timely to apply his brakes and he failed timely to turn his vehicle to the left; and that each of said negligent acts or omissions was a proximate cause of the collision.

Appellant's point of error is overruled.

The judgment of the trial court is affirmed.