**LONE STAR CAB et al., Appellants,**

v.

**Thelma CHATHAM et vir, Appellees.**

No. 296.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 7, 1970.

Rehearing Denied Feb. 4, 1970.

Jack Martin, Martin & Knox, Houston, for appellants.

Sidney Ravkind, Mandell & Wright, Houston, for appellees.

BARRON, Justice.

This is a personal injury suit filed by plaintiffs, Thelma Chatham and husband, Cleothus Chatham, against Lone Star Cab, Adams Leasing Company, Inc., Basil Donald Morehead and Ralph Morehead, to recover damages allegedly sustained by Thelma Chatham as a result of an automobile collision between a taxi in which said plaintiff was a passenger and a vehicle being driven by Basil Donald Morehead, on January 13, 1966 at the intersection of Lockwood and Cavalcade Streets in the City of Houston. Prior to the time of trial, the Moreheads were dismissed from this suit. The case was submitted to a jury on special issues, and the jury answered the special issues as follows:

(a) Jesse Jasper (driver of the taxi) did not fail to keep a proper look out for vehicles on Lockwood approaching the Cavalcade intersection from the opposite direction.

(b) The taxi driver failed to yield the right-of-way to the Morehead vehicle, but such was not a proximate cause of the collision. (numbers 3 and 4).

(c) Basil Morehead failed to keep a proper lookout on the occasion in question, but such failure was not the sole proximate cause of the occurrence in question.

(d) Morehead failed to yield the right-of-way to the taxi cab, but such was not the sole proximate cause of the occurrence. (numbers 7 and 8).

(e) Morehead was driving his vehicle at a greater rate of speed than it would have been driven by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances, but such was not the sole proximate cause of the occurrence.

The jury awarded plaintiff damages in the sum of $6,404.50.

The plaintiffs timely filed motion to disregard the jury's answer to special issue number 4 regarding proximate cause in connection with the taxi driver's failure to yield the right-of-way, and on a hearing the trial court granted the motion and found as a matter of law that the failure of the taxi driver to yield the right-of-way as found by the jury in response to special issue number 3 was a proximate cause of the collision in question. The trial court then entered judgment in favor of plaintiffs, Mrs. Chatham and husband, for the above sum.

Appeal has been properly perfected by Lone Star Cab and Adams Leasing Company, Inc. from the judgment of the trial court.

The evidence shows that Morehead was driving north on Lockwood and was approaching the Cavalcade intersection immediately prior to the accident. Lockwood is a four-lane street with two lanes for traffic going north, and Morehead was traveling in the outer lane nearest the curb. The intersection was controlled by traffic lights, and Morehead testified that the light had turned green before he entered the intersection. As he approached the intersection he did not become aware of the taxicab until it was directly in front of the Morehead car at a distance of approximately one car length. Morehead could not stop his car to avoid the collision, and he struck the taxicab behind the right rear door.

Jesse Jasper, the taxi driver, had been traveling south on Lockwood, and his paid passengers were Mr. and Mrs. Chatham. As he approached the Lockwood-Cavalcade intersection he testified that he intended to make a left turn on Cavalcade, and prior to making the turn he stopped the taxi. There were several cars traveling north on Lockwood, and he checked to see that the traffic was clear, especially in the curb or outer lane going north. After he checked and failed to see any cars he turned his eyes the way he was going and started to make his left turn. After he had turned he looked to his right and saw the Morehead car coming at a distance of about three car lengths. Just after he came to a full turn he testified that the Morehead car had "just popped up out of nowhere." He testified that he guessed the Morehead car came from down the street but that the car was not in sight when he began to turn and that he could see back several cars, and that there were no cars coming. He admitted, however, that when his taxi was clearing the northbound inside or first lane of Lockwood, he looked to his right and saw the Morehead car coming. Since he was already in the process of making his left turn, he then "put the gas to the floor" and proceeded ahead of the Morehead car. The taxi was struck by Morehead, and the passenger, Mrs. Chatham, was injured as a result thereof.

Appellants contend that the trial court erred in disregarding the jury's finding that the taxi driver's failure to yield the right-of-way was not a proximate cause of the accident and in finding as a matter of law that it was a proximate cause of the collision; because the jury's said finding had support in the evidence; because the verdict of the jury, after the above action, contained irreconcilable conflict in that the jury also found that Morehead failed to yield the right-of-way to the taxi, and because as a matter of law the acts of Morehead were the sole proximate cause of the accident in question.

In deciding a question of whether there is evidence of probative force to support a finding, a reviewing court must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.Sup.). The trial court may disregard the jury's finding to a special issue only when there is no support in the evidence. Rule 301, Texas Rules of Civil Procedure.

In connection with special issue number 3 the court gave the following instruction which was not objected to:

"You are instructed that the driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal, may make such left turn and the drivers of all other vehicles approaching from the opposite direction shall yield the right of way to the vehicle making the left turn. You are instructed that a vehicle constitutes an immediate hazard if it is in such proximity to the intersection that a person exercising the highest degree of care would not attempt to turn in front of it."

The main question thus presented here is whether a driver who turns left in front of a vehicle coming from the opposite direction when the approaching vehicle is in hazardous proximity to the intersection may be legally liable for the resulting collision, and whether the driver's failure to yield the right-of-way under such circumstances may be a proximate cause of the resulting accident as a matter of law.

As above stated, Jasper made the left turn, he says, after he had determined that there were no cars traveling

north which were close enough to constitute an immediate hazard, but when he approached the northbound inside lane he saw the Morehead car at a distance of approximately three car lengths from him. After he came to a full left hand turn the Morehead car "popped out of nowhere." Instead of stopping or attempting to stop, Jasper attempted to outrun the Morehead car across the intersection though the car was an immediate hazard to the taxi, especially to a person exercising a high degree of care, which duty he owed to his passenger, Mrs. Chatham. We believe that reasonable minds cannot differ on the question of proximate cause under these circumstances, and that the act of Jasper in failing to yield the right-of-way to the Morehead vehicle as found by the jury was a proximate cause of the accident in question as a matter of law. While proximate cause is ordinarily a question of fact for the jury, it becomes a question of law when it consists of the violation of law or the circumstances are such that, in the opinion of the court, reasonable minds could not arrive at different conclusions. Burton v. Billingsly, 129 S.W.2d 439, 442 (Tex.Civ. App.), writ ref.; Cowden Cab Company v. Thomas, 425 S.W.2d 886 (Tex.Civ. App.), writ ref., n. r. e.; Lewie Montgomery Trucking Co. v. Southern Pacific Co., 439 S.W.2d 691, 694–695 (Tex.Civ. App.), writ ref., n. r. e.; Texas & N. O. R. Co. v. Burden, 146 Tex. 109, 203 S.W.2d 522; Blakesley v. Kircher, 41 S.W.2d 53 (Tex.Comm.App.); Art. 6701d, Sec. 72, Vernon's Ann.Tex.Civ.St. A vehicle does not pop out of nowhere, and the Morehead car having been there, it could have been seen if the taxi driver had looked. In any event the jury found that the taxi failed to yield the right-of-way under the circumstances, and we hold that such failure was a proximate cause of the accident as a matter of law. See Reedy v. Missouri, K. & T. Ry. Co., 203 S.W.2d 347, 349 (Tex. Civ.App.), no writ. The trial court did not err in disregarding the jury's answer to special issue number 4.

Appellants contend, however, that the answers of the jury to the right-of-way issues are in fatal conflict in that both Jasper and Morehead could not have failed to yield the right-of-way, as that phrase is used in the law, in the same accident. The jury found that Morehead failed to yield the right-of-way to the taxi, but that such failure was not the *sole* proximate cause of the accident. It is further contended that if the trial court had the duty to disregard the jury's answer on proximate cause to the right-of-way issue concerning Jasper's failure to yield, then the same would be true in regard to Morehead's failure to yield the right-of-way. The jury, however, answered that Morehead's failure to yield the right-of-way was not the sole proximate cause of the accident, and we believe that such finding is supported by credible evidence. A statutory right-of-way rule is not absolute but relative, and it is subject to the qualification that a person entitled to claim such right will exercise it with proper regard for the safety of himself and others. See McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643, 645. There is a controlling difference in requesting the jury to find whether a failure to yield the right-of-way is *a proximate cause* and in requesting the jury to find that such a failure is *the sole proximate cause.* Assuming without deciding that Morehead's failure to yield the right-of-way was a proximate cause of the accident (which was not submitted), the judgment of the trial court would still not be subject to reversal, because in such event both appellants and Morehead would normally be guilty of concurring negligence proximately causing the accident in question. Tex-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162, 166, 68 A.L.R.2d 1062; Walker, Inc. v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506, 509; Strakos v. Gehring, 360 S.W.2d 787, 794 (Tex.Sup.). The Moreheads were dismissed from the lawsuit prior to trial, and the only benefit a finding of negligence as against Morehead would be to appellants would involve a finding by the jury that Morehead's fail-

**794**

ure was the sole proximate cause of the accident. The jury found otherwise upon sufficient evidence.

■ No jury findings of negligence were requested by either appellants or appellees in connection with the right-of-way issues, and no objections to the court's charge appear in the record. The trial court is here deemed to have found upon unsubmitted issues in such manner as it finds the facts to be in support of its judgment. Rodriguez v. Higginbotham-Bailey-Logan Co., 172 S.W.2d 991 (Tex.Civ.App.), writ ref.; Rule 279, Texas Rules of Civil Procedure.

Finding no error in the record, we affirm the judgment of the trial court.

Affirmed.