**Rudine SCOTT, Appellant,**

v.

**Danny JOST, Appellee.**

No. 8090.

Court of Civil Appeals of Texas, Amarillo.

Dec. 21, 1970.

Rehearing Denied Jan. 11, 1971.

Gibson, Ochsner, Adkins, Harlan & Hankins and Joe Harlan, Amarillo, for appellant.

Richard D. Bird, Childress, for appellee.

JOY, Justice.

This is a damage suit arising from a collision on a rural dirt road. From judgment for plaintiff Jost below, the defendant Scott has taken this appeal. Affirmed.

Appellee was driving his automobile in company with his fiancee in the late evening and stopped his automobile on a rural

or country road which was 18 to 19 feet in width and unimproved. There was sufficient room on the main travelled portion of the road for an automobile to pass appellee's parked automobile. Appellee testified that upon parking his automobile he left the motor running and the parking lights on. He further testified he parked on the extreme east (right) side of the dirt road with room for automobiles to pass on his left. Appellant, driving in a southerly direction, struck the parked vehicle of appellee causing extensive damage thereto and bodily injuries to appellee. Trial was had to the court without a jury and judgment rendered for appellee in the amount of $1,-214.15. Upon request the trial court filed findings of fact and conclusions of law which are condensed here as to the material facts: appellee parked his car on the extreme east side of the dirt road that was 18 to 19 feet wide with sufficient room on the main travelled portion of the road for automobiles to pass on the west side of Jost's vehicle. Further, it was dark, good weather with no obstructions as to vision for at least one-fourth mile in each direction from the point of the collision. Appellant ran into the front of the appellee's automobile with the front of the automobile overlapping about one-half way of appellee's automobile. The impact was on the east (appellee's) side of the middle of the road. Conclusions of law were filed as follows: appellee violated the law by parking on the main travelled portion of the road which was negligence per se but was not a proximate cause of the collision. Appellant by driving to the left side of the center of the roadway failed to keep a proper lookout which was negligence and a proximate cause of the collision.

■ The only question for determination here is whether or not the negligence of appellee as found by the court was a proximate cause of the collision in question as a matter of law. No exceptions were filed to the court's findings of fact, and therefore, we are required to accept them as being true. Evans v. Rush, 254 S.W.2d 799 (Tex.Civ.App. n. w. h.). Appellant's brief points out the law in regard to proximate cause as requiring two elements (1) foreseeability and (2) cause in fact, or causal relation. We agree that is a correct statement of the rule. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961) and Texas & Pacific Railway Co. v. McCleery, 418 S.W.2d 494 (Tex.Sup.1967). Appellant relies upon two cases primarily for her position taken here, Lone Star Cab v. Chatham, 449 S.W.2d 790 (Tex.Civ.App. n. w. h.) and Clark v. Waggoner, 452 S.W. 2d 437 (Tex.Sup.1970).

As we view the Clark case appellant can derive little comfort therefrom. There the party against whom "the foreseeability element of proximate cause is conclusively shown" was not the stopped or parked party but was the driver of the moving vehicle that struck the rear end of a stopped vehicle. We think the rule is correctly stated in Gulf States Utilities Co. v. Selman, 137 S.W.2d 122, 124 (Tex.Civ.App. dis'm judgm. cor.):

"In some jurisdictions it is held that where a statute or ordinance is violated, resulting in injury to another, proximate cause will be inferred as a matter of law. See Osborne v. Montgomery, 203 Wis. 223, 234 N.W. 372. But the rule is otherwise in this state. In this state it is generally held that the question whether a negligent act, committed in violation of a statute, was the proximate cause of the injury which followed is one of fact. Waterman Lbr. Co. v. Beatty, 110 Tex. 225, 218 S.W. 363; Wohlford v. Texas & N. O. Ry. Co., Tex.Civ.App., 128 S.W. 2d 449. See, also, note to the latter case in 18 Texas Law Review, No. 1, page 104."

■ This court has since followed that rule also in Williams v. Jackson, 436 S.W. 2d 956 (Tex.Civ.App. ref. n. r. e.) wherein the fact situation was almost identical to those here. Insofar as Lone Star, supra, is to the contrary, we do not approve thereof. Appellee was parked in the lane of traffic

normally expected of vehicles travelling north. Appellant, as found by the trial court, was proceeding south with nothing to obstruct her view and struck appellee's parked vehicle head on with the point of impact in the wrong lane of travel insofar as appellant is concerned. Appellant testified she did not see the parked vehicle prior to a car length away from the point of impact. Clearly, from this record, the cause in fact was improper lookout of appellant rather than that of appellee. Further, we think that a reasonably prudent person in the position of appellee would not anticipate that a party would run head on into a parked vehicle under the circumstances here.

Also, although the point was not raised here and we do not think necessary to this opinion, we are doubtful of the conclusion of law by the trial court in its holding that appellee was in violation of the law, and therefore, negligent per se. Art. 6701d, Sec. 93(a) reads in regard to stopping, standing or parking of a motor vehicle:

"Upon any highway outside of a business or residential district, no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway *when it is practical to stop, park, or so leave vehicle off such part of said highway*, but in every event, an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred (200) feet in each direction upon such highway." (emphasis ours)

It is undisputed that appellee stopped or parked on the extreme right side of the dirt road and that beside a steep ditch indicating that it would have been impractical to "stop, park, or so leave vehicle off such part of said highway". It is well established in this jurisdiction that a party seeking to excuse or justify a violation of a statute, in order to avoid negligence per se, has the right along with the burden, if he can, to so prove an excuse or justification. Phoenix Refining Co. v. Powell, 251 S.W.2d 892 (Tex.Civ.App. ref'd n. r. e.); see also Christy v. Blades, 448 S.W.2d 107 (Tex.Sup.1969).

We are of the opinion that the knowledge is fairly common that young couples are apt to park vehicles on rural or country roads in order to participate in the time honored sport or activity of "sparking" or "spooning" or by whatever term it may be called by the now younger-than-this-writer generation. It is noted from this record that appellee and his fiancee and companion on that occasion had been duly united in marriage at the date of this trial.

We find no reversible error, therefore, the judgment of the trial court is affirmed.