NO. 07-01-0206-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 30, 2001

_____

GARY K. CALDWELL,

Appellant

v.

BOBBY SIMS AND TEXAS DEPARTMENT OF TRANSPORTATION,

Appellees

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A30662-9912; HON. JACK R. MILLER, PRESIDING

_____

Before BOYD, C.J., QUINN AND REAVIS, J.J.

Gary K. Caldwell (Caldwell) appeals from a final summary judgment. Via three points of error, he contends that the trial court erred in entering same in favor of Bobby Sims and the Texas Department of Transportation (collectively referred to as Sims). This is allegedly so because: 1) liability had not been waived via the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. §101.021 (Vernon 1997); 2) sufficient facts were alleged in Caldwell's petition to bring the cause within the parameters of said Act; and, 3) material issues of fact existed regarding proximate causation. We need only consider the last

ground for it is dispositive, and, upon considering it, we affirm the judgment.

## *Background*

Caldwell sued Sims for compensatory and exemplary damages arising from his collision with a road maintainer owned by the Texas Department of Transportation and driven by Sims shortly before the collision.[1]  Sims was allegedly operating or using the motor vehicle when the collision occurred.  The supposed use or operation in question involved extricating a vehicle that had slid into a ditch located adjacent to the highway. The vehicle purportedly slid into the ditch after encountering ice on the roadway, *i.e.* Interstate 27 six to seven miles south of Hale Center. Caldwell, who was traveling 50 mph at the time, similarly encountered ice after seeing the maintainer and lost control of his car.  His car subsequently struck the rear of the maintainer.

Upon joining issue, Sims moved for summary judgment.  Several grounds purportedly entitling him to same were mentioned in the motion.  They included, among other things, the claim of sovereign immunity and lack of proximate cause.  The motion was subsequently granted, and final summary judgment was entered in favor of Sims.

## *Standard of Review*

The standard of review applicable to summary judgments is well-known and need not be discussed.  It is sufficient to cite the litigants to *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910 (Tex. 1997) and *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546

---

[1]The petition was subsequently amended several times.  Furthermore, the live pleading mentioned nothing of exemplary damages.  Given that the amended document superceded its predecessor, TEX. R. CIV. PROC. 65, and exemplary damages went unmentioned in the successor, Sims contention that the trial court properly denied the claim for exemplary damages is moot.

(Tex. 1985) for an explanation of same.

### *Application of Standard to Summary Judgment Evidence*

The cause of action alleged by Caldwell sounded in negligence. That is, he averred that Sims was negligent in 1) failing to keep a proper lookout, 2) parking the maintainer too close to the lanes of travel, 3) stopping the maintainer without using, operating or displaying various warning devices, 4) operating the maintainer without a "warning or trailing vehicle following" it; and 5) failing to "put the blade in 'travel' position when not in use." Again, Sims contended, via the motion for summary judgment, that none of these acts, assuming they constituted negligence, proximately caused Caldwell to suffer injury. Rather, the injury was solely caused by Caldwell's own negligence.

On appeal, Caldwell does not contend that he was not negligent. Rather, he posits that "even if, assuming *arguendo*, [his] acts were also a cause of the accident," the conduct of Sims also "proximately caused his injuries." That is, Caldwell believes the summary judgment evidence created a material issue of fact regarding Sims' responsibility for the collision. Furthermore, that evidence allegedly consisted of 1) Caldwell's testimony indicating that the maintainer "appeared to be in the right-hand lane and that the blade was going to slash right through him," 2) the failure to "be certain that flags were mounted on each upper corner of the maintainer and by failing to put the blade in travel position when . . . not in use," and 3) the failure to "display warning lamps, warning lights, or other warning devices, including flags mounted on each upper corner of the maintainer which would alert [others] that Sims was stopped close to or in the lanes of travel and near an icy stretch of roadway." We overrule the contention for several reasons.

*Evidence of the Blade's position*

First, one asserting error on appeal must show that the record supports the contention raised. *In re J.M.C.A.*, 31 S.W.3d 692, 699 (Tex. App.--Houston [1st Dist.] 2000, no pet.). So too must he direct us to the location, in the record, where evidence supporting his contention can be found. *Id.;* TEX. R. APP. PROC. 38.1(h) (requiring the appellant to provide the court with pertinent citation to the record). Should he not do this, we will not do it for him. *In re J.M.C.A.*, 31 S.W.3d at 699. Moreover, the lack of compliance with this duty and Rule 38.1(h) results in the waiver of the contention. *Id.*

Regarding the evidence about the position of the maintainer's blade, Caldwell cites us to nothing of record purporting to illustrate that the blade was not "in travel position" at the time of the accident.[2] Thus, he 1) failed to comply with Rule 38.1(h), 2) carry his burden of proof on appeal, and 3) waived the point. *Id.*

Moreover, Caldwell also failed to explain how the position of the blade, whether in travel mode or not, could cause the injuries he suffered. This too was his burden. *See* TEX. R. APP. PROC. 38.1(h) (requiring the appellant to support his contention with clear and concise argument). Without attempt by Caldwell to explain how the location of the blade could affect the possibility of either collision or injury, we can hardly say that its placement proximately caused the collision or injury. Simply put, we are not sufficiently versed in the area of road maintenance equipment to know, without other information, how the placement of the blade in "travel position" could obviate the risk of injury.

---

[2]Sims testified that when traveling in the maintainer, the blade should be "up." So too did he state that the blade was "up" when the accident in question occurred. We are cited to nothing which disputes this or which illustrates that the blade was not in the "travel position" as suggested by Caldwell.

5

*Evidence of Lack of Warning Devices*

Next, regarding the use or display of flags, lights and like objects, same were purportedly necessary to warn others of the presence of the maintainer, according to Caldwell. And, because such devices were not utilized or displayed, Sims' conduct purportedly deprived Caldwell of sufficient warning to the alleged hazard. Yet, Caldwell testified that 1) the accident occurred "[a] little before noon," 2) he had no "problem at all . . . seeing" the maintainer, 3) he "was pretty far away when [he] first saw it," 4) the maintainer "seemed like a long ways" away when he first spied it, and 5) he was "far enough away" to "easily change directions and miss" it. This uncontradicted evidence hardly evinces a lack of warning. Quite the contrary, it illustrates that he was aware of the maintainer sufficiently in advance to "change directions . . . miss" it and, thereby avoid the collision. And, because he had sufficient warning of same, logic and reason compels us to hold, as a matter of law, that the failure to utilize or display devices which would provide him warning was not a proximate cause of the accident. In short, the lack of warning about an obstacle cannot, as a matter of law, create a question of fact regarding proximate cause when the injured party admits he had ample warning of the obstacle. And, that was, and is, the circumstance here.

*Location of the Maintainer*

As to the location of the road maintainer, the evidence purportedly creating a question of fact consisted of Caldwell simply stating that it appeared or "looked" to him that the vehicle "was in the right lane and that he needed to move." Yet, immediately before uttering that statement, he said that he actually lacked knowledge about where the

6

maintainer "was parked in relation to the paved lanes of traffic." And, therein lies the problem.

To be competent, summary judgment evidence must be specific, factual, direct, and unequivocal. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Martinez v. IBP., Inc.*, 961 S.W.2d 678, 686 (Tex. App.--Amarillo 1998, pet. denied). That is why neither conclusions, opinion, nor conjecture have probative value in the realm of summary judgment. *Cox v. Bancoklahoma Agri-Service Corp.*, 641 S.W.2d 400, 402 (Tex. App.-- Amarillo 1982, no writ) (holding that summary judgment evidence must be in a form admissible at trial and must state facts, not subjective opinions and conclusions). In short, they cannot raise issues of material fact. *Mercer v. Daoran,* 676 S.W.2d 580, 583 (Tex. 1984) (holding that a legal conclusion is insufficient to raise an issue of fact in response to a motion for summary judgment); *Green v. Unauthorized Practice of Law Committee*, 883 S.W.2d 293, 297 (Tex. App.--Dallas 1994, no writ) (stating that legal conclusions and opinions are not competent summary judgment evidence and are insufficient to raise issues of fact).

Here, Caldwell admitted that he actually did not know the location of the maintainer in relationship to the road. Lacking actual knowledge about that matter, his subsequent statement regarding what the relationship "looked" like to him was less than unequivocal, direct, and factual. Rather, the admission relegated his other utterances about the topic to the status of mere opinion and conjecture. And, being relegated to that status, they were insufficient to create a material question of fact. *See Welch v. Doss Aviation, Inc.,* 978 S.W.2d 215, 222 (Tex. App. – Amarillo 1998, no pet.) (holding that one must have

7

personal knowledge of the facts espoused before they can be competent summary judgment evidence). Instead, what we have before us evincing the position of the maintainer *viz* the lane of traffic is the undisputed deposition testimony of Sims. And, via that testimony, he informed the trial court that 1) he pulled "straight" off the road (as opposed to diagonally), 2) the shoulder was ten feet wide, and 3) only four feet of the maintainer was on the shoulder while the remainder was off the shoulder. Sims having pulled off the road and having left only four feet of the maintainer on the ten foot shoulder while the remainder was off the shoulder, one can only deduce that the vehicle was not in a lane of traffic but some six feet from the nearest lane.[3] Given this, we cannot say, as Caldwell would have us do, that a material question of fact existed regarding whether the maintainer was within a lane of traffic. Simply put, it was not in view of the record before us.

*Conclusion*

The uncontradicted testimony illustrates that Caldwell 1) passed through a town (approximately six miles from the accident scene) where he encountered "bad," "slick" roads, 2) saw one maintainer "working the highway[]," 3) noticed that a portion of the highway was down to one lane, 4) sped his vehicle up to 50 mph on a road top that had snow and ice, 5) saw another maintainer in "plenty of time" to avoid it, 6) "figured, no problem," 7) tried to change lanes, 8) hit ice, 9) lost control of his car, 10) opted not to use his brakes or a lower gear to slow his car, 11) could not change his "vector" away from the

---

[3]Review of the picture depicting the accident scene and road maintainer reveals that the blade of the vehicle extended passed the wheels of same. Yet, the amount extending passed the wheels was far less than the six feet needed to cause the blade to enter the nearest lane of traffic.

maintainer which sat on the shoulder several feet from the lane of traffic, and 12) prepared for a collision.[4] In situations like that at bar wherein a driver of one vehicle struck another which was visible and stopped outside the lane of traffic, the conduct of the driver of the latter vehicle (even if negligent) is held not to be a proximate cause of the accident, as a matter of law. *East Texas Motor Freight Lines v. Loftis*, 148 Tex. 242, 223 S.W.2d 613, 616 (Tex. 1949) (involving poor weather conditions and holding that the driver of the parked yet visible vehicle could not reasonably foresee the collision); *Red Ball Motor Freight, Inc. v. Arnspiger*, 449 S.W.2d 132, 138-39 (Tex. Civ. App.--Dallas 1969, no writ) (involving the driver's confusion as to whether the parked vehicle was actually parked and in her confusion attempted to evade it); *LaGard v. American Petrofina Co.*, 447 S.W.2d 448, 450 (Tex. Civ. App.--Dallas 1969, writ ref'd. n.r.e.) (and cases cited therein); *see Scott v. Jost*, 461 S.W.2d 686, 688 (Tex. Civ. App.--Amarillo 1970, no writ) (holding that the driver who struck the parked vehicle was the cause in fact of the accident and that a reasonably prudent person in the position of the driver of the parked vehicle would not anticipate the collision). We conclude that this rule controls and disposes our situation. Consequently, the trial court did not err in granting summary judgment in favor of Sims and entering judgment denying Caldwell recovery.

Accordingly, we affirm the summary judgment entered below.

Brian Quinn

---

[4]In his live pleading, Caldwell averred that Sims was "'blading' snow and ice" prior to the collision. The assertion is one of fact not pleaded in the alternative. Consequently, it is an admission by Caldwell that the road on which he drove 50 mph had, prior to the accident, snow and ice on it. *See Withrow v. State Farm Lloyds,*, 990 S.W.2d 432, 436 (Texarkana 1999, pet. denied) (stating that assertions of fact in the live pleading of a party not averred in the alternative are formal judicial admissions conclusively establishing the fact admitted). And, because it is adverse to his contention that the roadway contained neither snow nor ice prior to the location whereat he saw the second maintainer, it is competent summary judgment evidence which binds him. *Id.*

Do not publish.