NO. 07-01-0206-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 30, 2001


______________________________



GARY K. CALDWELL
,




 Appellant


v.



BOBBY SIMS AND TEXAS DEPARTMENT OF TRANSPORTATION, 




 Appellees

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A30662-9912; HON. JACK R. MILLER, PRESIDING


_______________________________



Before BOYD, C.J., QUINN AND REAVIS, J.J.

 Gary K. Caldwell (Caldwell) appeals from a final summary judgment. Via three
points of error, he contends that the trial court erred in entering same in favor of Bobby
Sims and the Texas Department of Transportation (collectively referred to as Sims). This
is allegedly so because: 1) liability had not been waived via the Texas Tort Claims Act,
Tex. Civ. Prac. & Rem. Code Ann. §101.021 (Vernon 1997); 2) sufficient facts were alleged
in Caldwell's petition to bring the cause within the parameters of said Act; and, 3) material
issues of fact existed regarding proximate causation. We need only consider the last
ground for it is dispositive, and, upon considering it, we affirm the judgment.

 Background


 Caldwell sued Sims for compensatory and exemplary damages arising from his
collision with a road maintainer owned by the Texas Department of Transportation and
driven by Sims shortly before the collision. (1) Sims was allegedly operating or using the
motor vehicle when the collision occurred. The supposed use or operation in question
involved extricating a vehicle that had slid into a ditch located adjacent to the highway. The
vehicle purportedly slid into the ditch after encountering ice on the roadway, i.e. Interstate
27 six to seven miles south of Hale Center. Caldwell, who was traveling 50 mph at the
time, similarly encountered ice after seeing the maintainer and lost control of his car. His
car subsequently struck the rear of the maintainer. 

 Upon joining issue, Sims moved for summary judgment. Several grounds
purportedly entitling him to same were mentioned in the motion. They included, among
other things, the claim of sovereign immunity and lack of proximate cause. The motion
was subsequently granted, and final summary judgment was entered in favor of Sims.

Standard of Review 


 The standard of review applicable to summary judgments is well-known and need
not be discussed. It is sufficient to cite the litigants to Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910 (Tex. 1997) and Nixon v. Mr. Property Management Co., 690 S.W.2d 546
(Tex. 1985) for an explanation of same.


Application of Standard to Summary Judgment Evidence


 The cause of action alleged by Caldwell sounded in negligence. That is, he averred
that Sims was negligent in 1) failing to keep a proper lookout, 2) parking the maintainer too
close to the lanes of travel, 3) stopping the maintainer without using, operating or
displaying various warning devices, 4) operating the maintainer without a "warning or
trailing vehicle following" it; and 5) failing to "put the blade in 'travel' position when not in
use." Again, Sims contended, via the motion for summary judgment, that none of these
acts, assuming they constituted negligence, proximately caused Caldwell to suffer injury. 
Rather, the injury was solely caused by Caldwell's own negligence. 

 On appeal, Caldwell does not contend that he was not negligent. Rather, he posits
that "even if, assuming arguendo, [his] acts were also a cause of the accident," the
conduct of Sims also "proximately caused his injuries." That is, Caldwell believes the
summary judgment evidence created a material issue of fact regarding Sims' responsibility
for the collision. Furthermore, that evidence allegedly consisted of 1) Caldwell's testimony
indicating that the maintainer "appeared to be in the right-hand lane and that the blade was
going to slash right through him," 2) the failure to "be certain that flags were mounted on
each upper corner of the maintainer and by failing to put the blade in travel position when
. . . not in use," and 3) the failure to "display warning lamps, warning lights, or other
warning devices, including flags mounted on each upper corner of the maintainer which
would alert [others] that Sims was stopped close to or in the lanes of travel and near an
icy stretch of roadway." We overrule the contention for several reasons.


 Evidence of the Blade's position

 First, one asserting error on appeal must show that the record supports the
contention raised. In re J.M.C.A., 31 S.W.3d 692, 699 (Tex. App.--Houston [1st Dist.]
2000, no pet.). So too must he direct us to the location, in the record, where evidence
supporting his contention can be found. Id.; Tex. R. App. Proc. 38.1(h) (requiring the
appellant to provide the court with pertinent citation to the record). Should he not do this,
we will not do it for him. In re J.M.C.A., 31 S.W.3d at 699. Moreover, the lack of
compliance with this duty and Rule 38.1(h) results in the waiver of the contention. Id. 

 Regarding the evidence about the position of the maintainer's blade, Caldwell cites
us to nothing of record purporting to illustrate that the blade was not "in travel position" at
the time of the accident. (2) Thus, he 1) failed to comply with Rule 38.1(h), 2) carry his
burden of proof on appeal, and 3) waived the point. Id.

 Moreover, Caldwell also failed to explain how the position of the blade, whether in
travel mode or not, could cause the injuries he suffered. This too was his burden. See
Tex. R. App. Proc. 38.1(h) (requiring the appellant to support his contention with clear and
concise argument). Without attempt by Caldwell to explain how the location of the blade
could affect the possibility of either collision or injury, we can hardly say that its placement
proximately caused the collision or injury. Simply put, we are not sufficiently versed in the
area of road maintenance equipment to know, without other information, how the
placement of the blade in "travel position" could obviate the risk of injury. 

 Evidence of Lack of Warning Devices

 Next, regarding the use or display of flags, lights and like objects, same were
purportedly necessary to warn others of the presence of the maintainer, according to
Caldwell. And, because such devices were not utilized or displayed, Sims' conduct
purportedly deprived Caldwell of sufficient warning to the alleged hazard. Yet, Caldwell
testified that 1) the accident occurred "[a] little before noon," 2) he had no "problem at all
. . . seeing" the maintainer, 3) he "was pretty far away when [he] first saw it," 4) the
maintainer "seemed like a long ways" away when he first spied it, and 5) he was "far
enough away" to "easily change directions and miss" it. This uncontradicted evidence
hardly evinces a lack of warning. Quite the contrary, it illustrates that he was aware of the
maintainer sufficiently in advance to "change directions . . . miss" it and, thereby avoid the
collision. And, because he had sufficient warning of same, logic and reason compels us
to hold, as a matter of law, that the failure to utilize or display devices which would provide
him warning was not a proximate cause of the accident. In short, the lack of warning about
an obstacle cannot, as a matter of law, create a question of fact regarding proximate cause
when the injured party admits he had ample warning of the obstacle. And, that was, and
is, the circumstance here.

 Location of the Maintainer

 As to the location of the road maintainer, the evidence purportedly creating a
question of fact consisted of Caldwell simply stating that it appeared or "looked" to him that
the vehicle "was in the right lane and that he needed to move." Yet, immediately before
uttering that statement, he said that he actually lacked knowledge about where the
maintainer "was parked in relation to the paved lanes of traffic." And, therein lies the
problem. 

 To be competent, summary judgment evidence must be specific, factual, direct, and
unequivocal. Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984); Martinez v. IBP.,
Inc., 961 S.W.2d 678, 686 (Tex. App.--Amarillo 1998, pet. denied). That is why neither
conclusions, opinion, nor conjecture have probative value in the realm of summary
judgment. Cox v. Bancoklahoma Agri-Service Corp., 641 S.W.2d 400, 402 (Tex. App.--Amarillo 1982, no writ) (holding that summary judgment evidence must be in a form
admissible at trial and must state facts, not subjective opinions and conclusions). In short,
they cannot raise issues of material fact. Mercer v. Daoran, 676 S.W.2d 580, 583 (Tex.
1984) (holding that a legal conclusion is insufficient to raise an issue of fact in response
to a motion for summary judgment); Green v. Unauthorized Practice of Law Committee,
883 S.W.2d 293, 297 (Tex. App.--Dallas 1994, no writ) (stating that legal conclusions and
opinions are not competent summary judgment evidence and are insufficient to raise
issues of fact).

 Here, Caldwell admitted that he actually did not know the location of the maintainer
in relationship to the road. Lacking actual knowledge about that matter, his subsequent
statement regarding what the relationship "looked" like to him was less than unequivocal,
direct, and factual. Rather, the admission relegated his other utterances about the topic
to the status of mere opinion and conjecture. And, being relegated to that status, they
were insufficient to create a material question of fact. See Welch v. Doss Aviation, Inc.,
978 S.W.2d 215, 222 (Tex. App. - Amarillo 1998, no pet.) (holding that one must have
personal knowledge of the facts espoused before they can be competent summary
judgment evidence). Instead, what we have before us evincing the position of the
maintainer viz the lane of traffic is the undisputed deposition testimony of Sims. And, via
that testimony, he informed the trial court that 1) he pulled "straight" off the road (as
opposed to diagonally), 2) the shoulder was ten feet wide, and 3) only four feet of the
maintainer was on the shoulder while the remainder was off the shoulder. Sims having
pulled off the road and having left only four feet of the maintainer on the ten foot shoulder
while the remainder was off the shoulder, one can only deduce that the vehicle was not in
a lane of traffic but some six feet from the nearest lane. (3) Given this, we cannot say, as
Caldwell would have us do, that a material question of fact existed regarding whether the
maintainer was within a lane of traffic. Simply put, it was not in view of the record before
us.

 Conclusion

 The uncontradicted testimony illustrates that Caldwell 1) passed through a town
(approximately six miles from the accident scene) where he encountered "bad," "slick"
roads, 2) saw one maintainer "working the highway[]," 3) noticed that a portion of the
highway was down to one lane, 4) sped his vehicle up to 50 mph on a road top that had
snow and ice, 5) saw another maintainer in "plenty of time" to avoid it, 6) "figured, no
problem," 7) tried to change lanes, 8) hit ice, 9) lost control of his car, 10) opted not to use
his brakes or a lower gear to slow his car, 11) could not change his "vector" away from the
maintainer which sat on the shoulder several feet from the lane of traffic, and 12) prepared
for a collision. (4) In situations like that at bar wherein a driver of one vehicle struck another
which was visible and stopped outside the lane of traffic, the conduct of the driver of the
latter vehicle (even if negligent) is held not to be a proximate cause of the accident, as a
matter of law. East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613,
616 (Tex. 1949) (involving poor weather conditions and holding that the driver of the
parked yet visible vehicle could not reasonably foresee the collision); Red Ball Motor
Freight, Inc. v. Arnspiger, 449 S.W.2d 132, 138-39 (Tex. Civ. App.--Dallas 1969, no writ)
(involving the driver's confusion as to whether the parked vehicle was actually parked and
in her confusion attempted to evade it); LaGard v. American Petrofina Co., 447 S.W.2d
448, 450 (Tex. Civ. App.--Dallas 1969, writ ref'd. n.r.e.) (and cases cited therein); see Scott
v. Jost, 461 S.W.2d 686, 688 (Tex. Civ. App.--Amarillo 1970, no writ) (holding that the
driver who struck the parked vehicle was the cause in fact of the accident and that a
reasonably prudent person in the position of the driver of the parked vehicle would not
anticipate the collision). We conclude that this rule controls and disposes our situation. 
Consequently, the trial court did not err in granting summary judgment in favor of Sims and
entering judgment denying Caldwell recovery.

 Accordingly, we affirm the summary judgment entered below. 

 

 Brian Quinn 

 Justice 

Do not publish. 
1. The petition was subsequently amended several times. Furthermore, the live pleading mentioned
nothing of exemplary damages. Given that the amended document superceded its predecessor, Tex. R. Civ.
Proc. 65, and exemplary damages went unmentioned in the successor, Sims contention that the trial court
properly denied the claim for exemplary damages is moot. 
2. Sims testified that when traveling in the maintainer, the blade should be "up." So too did he state
that the blade was "up" when the accident in question occurred. We are cited to nothing which disputes this
or which illustrates that the blade was not in the "travel position" as suggested by Caldwell.
3. Review of the picture depicting the accident scene and road maintainer reveals that the blade of
the vehicle extended passed the wheels of same. Yet, the amount extending passed the wheels was far less
than the six feet needed to cause the blade to enter the nearest lane of traffic. 
4. In his live pleading, Caldwell averred that Sims was "'blading' snow and ice" prior to the collision. 
The assertion is one of fact not pleaded in the alternative. Consequently, it is an admission by Caldwell that
the road on which he drove 50 mph had, prior to the accident, snow and ice on it. See Withrow v. State
Farm Lloyds,, 990 S.W.2d 432, 436 (Texarkana 1999, pet. denied) (stating that assertions of fact in the live
pleading of a party not averred in the alternative are formal judicial admissions conclusively establishing the
fact admitted). And, because it is adverse to his contention that the roadway contained neither snow nor ice
prior to the location whereat he saw the second maintainer, it is competent summary judgment evidence
which binds him. Id.